**CEDEC TRADING LTD.**

v.

**UNITED AMERICAN COAL SALES, INC.**

**No. 83 Civ. 803.**

United States District Court,
S.D. New York.

Feb. 10, 1983.

---

**723**

Barrett, Smith, Schapiro, Simon & Armstrong, New York City, for plaintiffs; Gerald A. Novack, Charles W. Gerber, New York City, of counsel.

Leonard R. Glass, New York City, for defendants United American Coal Sales and Nicholas Morrow; Scott Tayne, New York City, of counsel.

Whitman & Ransom, New York City, for World Energy Systems Associates, Inc.; Gary Rosenthal, New York City, of counsel.

## MEMORANDUM AND ORDER

OWEN, District Judge.

This action is presently before me on the motion of defendant, United American Coal Sales, Inc., to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), Fed.R.Civ.P. Plaintiff Cedec Trading Ltd. is a corporation organized under the laws of the Channel Islands. Defendant asserts that since the United States has no legal or diplomatic relationship with the Channel Islands, which are located between England and France in the English Channel, the plaintiff is not a "citizen or subject of a foreign state" within the meaning of 28 U.S.C. § 1332 and therefore has no access to the Courts of the United States on the basis of diversity. For the reasons set forth below, defendant's motion is denied.

Federal diversity jurisdiction exists in controversies between citizens of the United States and citizens of a foreign state pursuant to 28 U.S.C. § 1332(a)(2). This jurisdictional grant has been limited, however, to cases involving citizens of a foreign government recognized by the United States. *Murarka v. Bachrack Bros.,* 215 F.2d 547 (2d Cir.1954), *Ex Parte Muir,* 254 U.S. 522, 532, 41 S.Ct. 185, 187, 65 L.Ed. 383 (1921). Citizens of foreign states with which our government has no political relations are therefore outside the definition of 28 U.S.C. § 1332 and unable to sue in our federal courts on the basis of diversity jurisdiction. This rule has been applied to foreign corporations as citizens of the entity under the laws of which they are incorporated. See, *The National Steamship Co. v. Tugman,* 106 U.S. 118, 120, 1 S.Ct. 58, 59, 27 L.Ed. 87 (1882).

The Channel Islands occupy an anomalous position in the British scheme of government but, for these purposes, I am of the view that corporations created under Channel Islands Laws must be considered creatures of the laws of Great Britain, and thus within 28 U.S.C. § 1332. These Islands—consisting of two Bailiwicks, Jersey and Guernsey—are not colonies of Great Britain, nor are they an ordinary part of the United Kingdom. They are a special province of the British Government, annexed to Britain in the 13th Century when the King of England ceased to be Duke of Normandy and surrendered Normandy to France. The Channel Islands Bailiwicks have their own legislatures and courts, but these are subject to the central control of the British Government. Legislation by the British Parliament is the paramount law of the Islands, and appeals of the actions of their authorities are taken to the courts of Great Britain. The foreign affairs of the Islands are entirely controlled by the United Kingdom. 6 Halsbury's Laws of England (London, 1974) 4th ed. p. 371, *et seq.*[1]

1. The exact legal status of the Channel Islands has been a subject of controversy in Britain for hundreds of years. See *In re: States of Jersey,* 14 Eng.Rep. 268 (1853). It is nonetheless clear that these islands are now a part of the United Kingdom, albeit one with unique attributes and laws. See the British Nationality Act, 1981 (the United Kingdom defined as: "Great Britain, Northern Ireland and the Islands, taken together").

Thus, while the Channel Islands are not a fully integrated part of the United Kingdom, they may fairly be considered as within that nation.[2] Channel Islands corporations, such as plaintiff in the present action, may be regulated by the British Parliament as that body chooses. The fact that the British Parliament has chosen not to do so and has left the regulation of this group of corporations to local authorities does not make those corporations any less subject to the rule of the British government.

The motion to dismiss is denied.

So Ordered.

---

**2.** *Windert Watch Co. v. Remex Electronics,* 468 F.Supp. 1242 (S.D.N.Y.1979) on which defendant relies, is distinguishable. The holding in that case was that corporations of Hong Kong do not have access to the Courts of the United States under § 1332, since Hong Kong, unlike the Channel Islands, is a colony of Great Britain. The Channel Islands has never been considered a colony but rather a direct holding of the British crown for over seven hundred years.