Donnel Ray ANDERS, Evelyn Anders, Jimmie Ballieu, Noel Bridges, Susan Bridges, Elaine Clark Coward, Mr. Ormond S. Douglas, Mrs. Ormond S. Douglas, Thomas B. Dupont, P.C., Usan Fannett, Arno Grasty, Edna Grasty, Robert Keel, Mary Keel, Alton C. Kennedy, Reginald McDowell, Shelly McDowell, Betty McKeand, Edward Mickan, Rose Mickan, Mark Pietak, W. Belinda Baldwin Pietak, Clinney Morris, Pamela K. Reeves Morris, Ramiro Sanchez, Alice Kahdot, Douglas H. Sanders, Bonnie Scott, David William Scott, Michael Scott, David Sodolak, Lawrence Sodolak, Doris Sodolak,

Steve Sodolak, Anita Diane Sodolak, Wilbert Sodolak, Tim Southerland, Oliver Southerland, Del Tallett, Anne Tallett, Floyd Wenzel, Margaret Wenzel, Leo Wotipka, Mary Wotipka, Robert J. Wotipka, and Sheila Young, Appellants,

v.

BROWN AND ROOT, INC., R.L. Reagan, David R. Anglin, James L. Bain, Mallard and Mallard, Inc., Chester Fincher, Mobil Oil Corporation, Mobil Oil Exploration Company, Inc., and Champion Realty Corporation, Appellees.

No. 01–90–01049–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 11, 1991.

Rehearing Overruled Sept. 26, 1991.

George M. Bishop, Houston, for appellants.

E.R. Norwood, J.C. Zbranek and Karen McNair Liberty, Deborah Andren, W.H. Faulk, and Martin M. Hokanson, Houston, for appellees.

Before SAM BASS, DUNN and PRICE *, JJ.

## OPINION

PRICE, Justice (Assigned).

Appellants, Donnel Ray Anders, et al., were plaintiffs in a suit in Harris County against Mobil Oil Corporation, Mobil Vanderbilt–Beaumont Pipeline Company (formerly Mobil Oil Exploration Company, Inc.), R.L. Reagan, David R. Anglin (collectively "Mobil"), Brown & Root, Inc., James L. Bain, Mallard & Mallard Inc., and Champion Realty Corporation. Appellants sued Mobil, et al. for negligence, conspiracy, violation of TEX. WATER CODE ANN. § 11.086 (Vernon 1988), gross negligence, and failure to warn plaintiffs of the danger of flooding. Mobil filed a motion for summary judgment alleging appellants' causes of action were barred by the doctrines of res judicata and collateral estoppel. The trial court granted Mobil's motion without specifying the grounds on which it relied, and severed Mobil from appellants' case. Appellants appeal the trial court's grant of summary judgment and severance.

Appellants own and/or occupy real and personal property in the Timberlakes Subdivision in Liberty County, located upstream from real property owned by Weldon Alders. Champion Realty Corporation, a defendant in the Harris County action, and owner of the mineral interest in Weldon Alders' property, executed an oil and gas lease on the property to Mobil Producing Texas and New Mexico, Inc. ("MPTM"). MPTM constructed a dam/roadway on the lease. In 1982, over the objections of appellants, MPTM doubled the elevation of the dam/roadway. In 1983, appellants complained that the height increase caused their property to flood. After the complaint, MPTM hired a contractor to make two breaches in the dam/roadway to allow for the discharge of water. Appellants contend the breaches did not release sufficient water to prevent flooding of their property. In their original Harris County petition, appellants alleged damage to their real property because of flooding in: December 1982 and January 1983; May and June 1983; October and November 1984, 1985, 1986, and 1987. Three appellants [1] also alleged personal injuries proximately caused by the flooding. All appellants sought exemplary damages for gross negligence. Pursuant to these complaints, appellants filed suit in Harris County against a number of defendants, including Mobil. Appellants alleged: (1) Mobil was negligent in making the breaches and its negligence was the proximate cause of their injuries; (2) Mobil was engaged in a civil conspiracy with the other defendants to raise the level of the dam/roadway; and (3) Mobil was liable as a matter of law under TEX. WATER CODE ANN. § 11.086; (4) Mobil was liable for gross negligence; and (5) Mobil failed to warn plaintiffs of the danger of flooding caused by the construction of the dam.

This Harris County case is similar to a case filed previously in Liberty County, *Donnel Ray Anders, et al v. Mobil Producing Texas and New Mexico, Inc. and Brown & Root, Inc.*, No. 38,816 (Dist.Ct. of Liberty County, 75th Judicial Dist. of Texas, June 25, 1987). With the exception of two people,[2] the plaintiffs in this earlier

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

1. Genevive Douglas, Oliver Sutherland, and Edward Mickan.

2. In the Harris County lawsuit, Kenneth Ballieu was dropped and Betty McKeand was added as a plaintiff.

litigation were the same people who are appellants in the present case. The allegations asserted by the plaintiffs in the Liberty County action involved the same dam, the same alleged negligence in the planning, design and heightening of the dam, the same civil conspiracy theory, and the same violations of TEX. WATER CODE ANN. § 11.086. The defendants in the Harris County action not named in the Liberty County action are Mobil, Champion Realty, and Mallard. The final judgment on the Liberty County action was signed September 17, 1987 and awarded eight of the 48 plaintiffs a total of $7,140 against Mobil Producing Texas and New Mexico, Inc. and Brown & Root, Inc; the remaining 40 plaintiffs were not awarded any damages. In answer to special issues, the Liberty County jury determined: the dam/roadway, with the final spillways as cut in the fall of 1983, was not negligently designed or constructed; there was no negligence in failing to warn plaintiffs of the danger of flooding; and there was no finding of gross negligence concerning the design or construction of the roadway or failure to warn. Because the plaintiffs in the Liberty County lawsuit did not request any written findings of the court and no findings were made by the trial judge, any omitted elements to a ground of recovery or defense are deemed to support the final judgment. TEX.R.CIV.P. 279.

In their first point of error, appellants claim the trial court erred in granting Mobil's motion for summary judgment.

When, as in this case, a trial court's order granting summary judgment does not specify the grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989).

Res judicata bars litigation of all issues connected with a cause of action or defense, which have been tried in a prior suit. When a prior judgment is offered in a subsequent suit in which there is identity of parties, issues, and subject matter, such judgment is treated as an absolute bar to retrial of claims pertaining to the same

cause of action on the theory these claims have been merged into the judgment. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984). The principle of res judicata applies to both the parties and to employees of the parties even if the employees were not named in the first lawsuit. *Hammonds v. Holmes*, 559 S.W.2d 345, 347 (Tex.1977).

■ In their motion for summary judgment, appellees assert that because they were either employees or affiliates of MPTM, appellants' claims against them are barred by res judicata. However, because neither the motion for summary judgment nor the response is competent summary judgment proof, *Nicholson v. Memorial Hosp. Sys.*, 722 S.W.2d 746, 749 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.), appellees must prove this assertion through depositions, affidavits or interrogatories, which are competent summary judgment evidence. Reagan and Anglin presented uncontroverted affidavits, stating they were employees of MPTM. Therefore, appellants' claims against Reagan and Anglin are barred by res judicata. On the other hand, Mobil Oil Corporation and Mobil Vanderbilt–Beaumont Pipeline Co. presented no summary judgment evidence concerning their affiliation with MPTM. Therefore, appellants' claims against Mobil Oil Corporation and Mobil Vanderbilt–Beaumont Pipeline Co. are not barred by res judicata.

Collateral estoppel is narrower than res judicata. It bars relitigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit, regardless of whether the second suit is based upon the same cause of action. *Bonniwell*, 663 S.W.2d at 818. Collateral estoppel occurs when a party who has not yet litigated seeks to avoid litigation of an issue that was previously litigated and lost by the parties sought to be estopped. *Blonder–Tongue Lab., Inc. v. University of Illinois Found.*, 402 U.S. 313, 330, 91 S.Ct. 1434, 1443, 28 L.Ed.2d 788 (1971). Although the requirement of mutuality has been applied frequently to the doctrine of collateral estoppel, an increasing number of

courts in this state have dispensed with this requirement of identity of parties. Instead, they adopt the position that mutuality is applied only to the party sought to be estopped in the subsequent action. *Windmill Dinner Theatre, Inc. v. Hagler*, 582 S.W.2d 585, 586 (Tex.Civ.App.—Dallas 1979, writ dism'd). In *Hardy v. Fleming*, 553 S.W.2d 790, 792 (Tex.Civ.App.—El Paso 1977, writ ref'd n.r.e.), the appellate court upheld a trial court's decision applying collateral estoppel against a plaintiff who sued a physician for negligently advising him that he could return to work after the plaintiff had suffered a heart attack. A previously conducted workers' compensation proceeding, where the physician was not a party, determined that the plaintiff had not suffered a heart attack.

■ Therefore, in the present case, because the issues of negligence, gross negligence, and failure to warn were previously litigated in the Liberty County lawsuit by the parties sought to be estopped and lost by those parties, appellants are barred by the doctrine of collateral estoppel from relitigating those issues in the Harris County lawsuit. However, because we have no evidence before us to suggest that the two other issues, civil conspiracy and violation of TEX. WATER CODE ANN. § 11.086, in the Harris County lawsuit were actually litigated in the Liberty County lawsuit, collateral estoppel is not a bar to litigating those issues. Appellants' first point of error is sustained in part, and overruled in part.

In their second point of error, appellants contend the trial court erred in granting appellees' motion for severance.

■ The trial court granted Mobil's motion for severance after appellants agreed to the motion and the order granting the severance. Thus, they cannot complain for the first time on appeal that the trial court should not have granted the motion for severance. TEX.R.APP.P. 52(a). Appellants' second point of error is overruled.

The judgment of the trial court, concerning all claims against Reagan and Anglin, and the claims against Mobil Oil Corporation and Mobil Vanderbilt–Beaumont Pipe-line Company (formerly Mobil Oil Exploration Company, Inc.) for negligence, gross negligence, and failure to warn of the danger of flooding, is affirmed. The judgment of the trial court is reversed and remanded in part for further proceedings in accordance with this opinion during which appellants may litigate only the claims of civil conspiracy and violation of the TEX. WATER CODE ANN. § 11.086 against Mobil Oil Corporation and Mobil Vanderbilt–Beaumont Pipeline Company.