TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00093-CV







Elizabeth Gonzales, Appellant




v.




Texas Department of Protective and Regulatory Services, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 94-03958, HONORABLE JEANNE MEURER, JUDGE PRESIDING 






 After a trial without a jury, the court below terminated Elizabeth Gonzales's parental rights
in her four children. (1) See Act of May 27, 1993, 73d Leg., R.S., ch. 597, § 1, 1993 Tex. Gen. Laws 2254,
2254-55 (Tex. Fam. Code Ann. §§ 161.001(1)(D) and (E); 15.02(a)(2), since amended). (2) We will affirm
the judgment.



SUFFICIENCY OF THE EVIDENCE


 In her first two points of error, Gonzales contends the evidence is legally and factually
insufficient to support the statutory findings required for the involuntary termination of her parental rights. 
Termination may be ordered if the trial court finds from clear and convincing evidence that a parent has (1)
knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endanger the
physical or emotional well-being of the child; or (2) engaged in conduct or knowingly placed the child with
persons who engaged in conduct that endangers the physical or emotional well-being of the child; and that
"termination is in the best interest of the child." Tex. Fam. Code Ann. §§ 161.001(1)(D) and (E);
161.001(a)(2) (West 1996). (3)

 Parental conduct may pose a danger to the child even though the conduct is not directed
explicitly at the child and actual injury does not result, for "neglect can be just as dangerous to a child's well-being as direct physical abuse." In re M.C., 917 S.W.2d 268, 269 (Tex. 1996). A parent's mental
condition may be a relevant factor if it results in conduct posing a danger to the child's physical or emotional
well-being. See Carter v. Dallas County Child Welfare Unit, 532 S.W.2d 140, 142 (Tex. Civ.
App.--Dallas 1976, no writ).

 Expert witnesses testified that Gonzales suffered from a moderate and recurring
psychological or personality disorder and major depression, neither of which was relieved by prescribed
medication, probably because she would not take the medicine. Witnesses testified to Gonzales's suicidal
expressions, self-inflicted wounds, her unwillingness to leave violent and abusive relationships, and her
threat to kill the children. Her husband "regularly" forced sexual relations upon her without her consent,
once in the presence of the children. An emotional and sexual relationship with another woman was also
characterized as violent and abusive to Gonzales, and once resulted in her partner's arrest for interfering
with a police officer called to quell an altercation between them. The children were not present at the time. 
This relationship continued to the time of trial and Gonzales intended to leave the children with the woman
while Gonzales was at work. In her treatment of the children, Gonzales was prone to acting roughly in
anger. A teacher testified that one child appeared at school dirty and unkempt and without a coat or a
sweater in cold weather. Scratches on his face would reappear before healing. Since 1989, the
Department had attempted without success to help Gonzales improve her "parenting skills" and to escape
violent and chaotic relationships. The Department attributed the want of success to her inability or refusal
to cooperate in programs designed to help her improve her skills. A Department supervisor testified that
in her opinion Gonzales's conduct endangered the children's emotional health and would eventually result
in physical harm to them. The evidence showed the children were well cared for in a foster home.

 The actions of Gonzales's husband cannot, of course, cannot be viewed as misconduct on
her part that poses a danger to the children. Nevertheless, the evidence fairly permits a conclusion that her
mental problems and resulting conduct are serious, recurring, without likelihood of changing for the better,
and a conclusion that they endanger the children's emotional and physical well-being. Her violent
relationship with the children mirrors her violent relationships with her husband and her female partner. Her
mental condition evidently causes the anger in which she acts toward the children, her threat against their
lives, and her stating her suicidal wishes to them. The trial judge reasonably could have assigned a good
deal of weight to the fact that her problems have persisted for over five years in face of the officials' efforts
to improve her condition and that of the children: and the judge could reasonably conclude that the want
of success is attributable solely to Gonzales's refusal or inability to cooperate in those efforts. We conclude
there is clear and convincing evidence to support the trial judge's findings on the statutory elements and
that her findings are not so against the overwhelming weight of such
evidence as to be manifestly unjust.



CONTINUANCE


 In point of error three, Gonzales contends the trial court
erred in failing to order a continuance of the termination proceeding
until the divorce action between Gonzales and her husband was "ripe";
and she complains the trial court erred in its post-trial severance of
the termination action from the pending divorce. The record does not
show that Gonzales moved for a continuance. The record shows
affirmatively that she agreed to the severance order. Accordingly, we
overrule the point of error. See Tex. R. App. P. 52(a); see also
Anders v. Brown & Root, Inc., 817 S.W.2d 95, 98 (Tex. App.--Houston [1st
Dist.] 1991, no writ).



ADMISSION OF EVIDENCE
 

 We interpret Gonzales's fourth point of error as complaining that the evidence regarding
her mental condition was irrelevant, and therefore inadmissible, because the Department did not allege as
a ground for termination the recently enacted provisions of Family Code section 161.003. Section 161.003
authorizes involuntary termination when a parent "is found to be unable to care for the child . . . without
regard to actual wrongdoing directed at the child." (4)

 While sections 161.001(1)(D) and (E) authorize termination based upon parental
misconduct that endangers a child, section 161.003 authorizes termination when a parent is, by reason of
a mental condition, "unable to provide for the physical and mental needs of the child" and certain other
factors exist. The statutory grounds thus distinguish between what a parent is unable to do and what he
or she has done or neglected to do. While a parent's mental condition is expressly made relevant in section
161.003, this does not mean it is irrelevant as a matter of law in proceedings brought under sections
161.001(D) and (E). In those proceedings, the question of relevance is simply an open question
determinable from the circumstances of the case. Here the trial judge could reasonably conclude, for
example, that the evidence regarding Gonzales's mental condition gave credence to her threats against the
children and bore upon where their best interests lay. We hold the judge did not abuse her discretion in
admitting the evidence.

 Gonzales complains that "the testimony of the parade of mental health experts and the
testimony of" a Department employee were highly prejudicial. See Tex. R. Civ. Evid. 403. After reviewing
the parts of the record to which Gonzales refers, we find she did not preserve her claim of error with regard
to the testimony given by the witnesses, save for the testimony given by the Department employee. See
Tex. R. App. P. 52(a).

 The employee testified that Gonzales, while at a battered women's shelter, threatened to
kill herself and her children; and that Gonzales related to the witness that she had attempted suicide in the
past. Gonzales was, the witness testified, "very insistent upon wanting to leave the shelter and carry out
her plans to kill herself and her children"; Gonzales "became angry with the children and was very physically
rough with them"; and admitted beating one child very badly in the past. We decline to hold the trial judge
abused her discretion in deciding the obvious relevance of this testimony was, in the circumstances, not
outweighed by the danger of unfair prejudice. See Tex. R. Civ. Evid. 403. We overrule the remainder of
point of error four.

 Finding no error, we affirm the trial-court judgment.



 

 John Powers, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: April 10, 1997

Do Not Publish

1. The decree terminates the parental rights of both Mrs. Gonzales and her husband, Ruben
Gonzales. Mr. Gonzales failed timely to perfect his appeal.
2. Because the subsequent amendments to these sections of the Family Code have no substantive
effect on the acts at issue in this case, the current code is cited for convenience.
3. See Texas Dept. of Human Servs. v. Boyd, 727 S.W.2d 531, 533 (Tex. 1987); Cain v. Bain,
709 S.W.2d 175, 176 (Tex. 1986); Richardson v. Green, 677 S.W.2d 497, 499 (Tex. 1984); Glover
v. Texas Gen. Indem. Co., 619 S.W.2d 400, 401 (Tex. 1981); In re G. M., 596 S.W.2d 846, 847 (Tex.
1980); Holley v. Adams, 544 S.W.2d 367, 370 (Tex. 1976).
4. Under section 161.003, a parent who is found to be unable to care for the child may have his
or her rights terminated without regard to actual wrongdoing by the parent directed at the child if:


(1) the parent has a mental or emotional illness or a mental deficiency that renders
the parent unable to provide for the physical, emotional, and mental needs of the
child;


(2) the illness or deficiency, in all reasonable probability, proved by clear and
convincing evidence, will continue to render the parent unable to provide for the
child's needs until the 18th birthday of the child; 


(3) the department has been the temporary or sole managing conservator of the
child of the parent for the six months preceding the filing of the petition;


(4) the department has made reasonable efforts to return the child to the parent; and


(5) the termination is in the best interest of the child.


See Tex. Fam. Code Ann. § 161.003 (West 1996).


this does not mean it is irrelevant as a matter of law in proceedings brought under sections
161.001(D) and (E). In those proceedings, the question of relevance is simply an open question
determinable from the circumstances of the case. Here the trial judge could reasonably conclude, for
example, that the evidence regarding Gonzales's mental condition gave credence to her threats agai