### SAN BENITO BANK & TRUST COMPANY, Appellant,

v.

### RIO GRANDE MUSIC COMPANY, B & P Enterprises, Lionel Betancourt and John Phillips, Appellees.

#### No. 13–83–188–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 28, 1984.

Rehearing Denied Jan. 31, 1985.

---

**1.** Although Rules 296 and 297 were amended, effective April 1, 1984, these requirements are substantially still the same.

William C. Roundtree, Harlingen, for appellant.

Ferriel C. Hamby, Maurice D. Healey, Harlingen, R. Gaines Griffin, Weslaco, for appellees.

## OPINION

PER CURIAM.

Appellant Bank brought this suit on a promissory note. Appellees contended that collection on the note was barred because appellant knew that the disputed funds were to be used in an illegal transaction, and yet participated in the furtherance of that transaction. Appellees may be grouped into two sets of parties: B & P Enterprises, Lionel Betancourt and John Phillips (hereafter referred to collectively as B & P) and Frank Betancourt, Leigh Magee, Betty Wilson and Rio Grande Music Company (hereafter referred to collectively as RG Music).

RG Music was founded and operated for many years by Paco Betancourt, who became a highly-regarded customer of appellant Bank; after his death in 1971, appellees Lionel Betancourt and John Phillips operated RG Music. The other appellees were children of Paco Betancourt and had inherited their partnership interest in RG Music.

In late 1975, B & P Enterprises was formed to facilitate the smuggling of electronic equipment into Mexico (for a more complete factual rendition, see *International Aircraft Sales v. Betancourt*, 582 S.W.2d 632 [Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.]). Because the company needed cash immediately, B & P prevailed upon Omar Rodriguez, an executive vice-president of appellant Bank and a long-time friend of Paco Betancourt, to treat incoming checks drawn against Mexican banks in payment for the smuggled electronic goods as "cash collections." By March of 1976, some of the Mexican checks had been dishonored; B & P was told that appellant would not carry the overdraft, and B & P was required to sign a promissory note. The note was repeatedly extended but, though some of the balance was satisfied, appellant was forced to bring this suit to collect the remainder.

In answers to special issues, the jury found generally (1) that appellant was aware that the B & P transactions were entirely separate from the operations of RG Music, and (2) that appellant knowingly aided B & P in their violations against the laws of Mexico by treating the Mexican

checks as "cash collections." The trial court accordingly ordered that appellants take nothing by their suit. The trial court also ruled as a matter of law that appellee RG Music take nothing by its counterclaim which charged appellant with breach of its fiduciary duty as executor of the estate of Paco Betancourt.

■ "Promissory notes given in connection with a contract which is illegal are ordinarily not enforceable as between the parties to such instruments." Similarly, if a contract or sale is made with a view of violating the laws of another country, though not otherwise obnoxious to the law either of the forum or of the place where the contract is made, it will not be enforced. *International Aircraft Sales v. Betancourt*, 582 S.W.2d 632 (Tex.Civ.App. —Corpus Christi 1979, writ ref'd n.r.e.).

■ However, the mere mental operations of a lender cannot operate to incite a borrower to commit an unlawful act, and courts therefore recognize that even actual knowledge on the part of the lender that the borrower intends to put the borrowed money to a possible unlawful use will not of itself invalidate a loan contract. *Perkins v. Nevill*, 58 S.W.2d 50 (Tex.Comm. App.—1933 opinion adopted). Even if the lender has knowledge of the borrower's illegal designs, recovery on the loan will be permitted unless the lender performs another act beyond the bare sale in aid or furtherance of the unlawful object. *McDonough v. Zamora*, 338 S.W.2d 507 (Tex. Civ.App.—San Antonio 1960, writ ref'd n.r. e.); *Kottwitz v. Alexander's Executors*, 34 Tex. 689 (1869).

■ In the case before us, the jury did find that, by handling the Mexican checks as "cash collections," the Bank did "knowingly aid" the illegal transactions, but we hold that this finding does not establish the "furtherance of the unlawful object" necessary to absolve B & P from liability on the note. Our perception of "furtherance of the unlawful object" is clearly set out in the International Aircraft case, in which B & P sued their smuggling partners on a note issued for the goods received. The parties stipulated that it was illegal to ship the merchandise into Mexico. This Court refused to allow B & P to recover, noting that they:

> "removed the components from their boxes and rewrapped them so as to conceal their true identity. Moreover, they separated the components into lots of 1,200 to 1,400 pounds each so that they might be flown over the border illegally. And finally, Betancourt and Phillips filled out their invoices and other documentation so as to facilitate the smuggling of the items into Mexico. In addition to this, the evidence is conclusive that Betancourt and Phillips knew that the shipment of these goods into Mexico was illegal. We think the evidence is conclusive that the original agreement of sale between Betancourt and Phillips and Kyral and Whitley was illegal and not enforceable in a court of law."

We sustain appellant's third and fourth points of error.

■ We also sustain appellant's first point of error, in which it contends that appellees failed to establish their "illegality" defense to the note because they failed to prove the laws of Mexico. "Foreign law is regarded as a fact issue in the State of Texas. It must, therefore, be strictly pled and proved by the party relying on such law. Since our Texas courts refuse to take judicial notice of foreign laws, the party relying upon such a foreign law must offer proof and plead the laws themselves." *Franklin v. Smalldridge*, 616 S.W.2d 655 (Tex.Civ.App.—Corpus Christi 1981, no writ).

■ It is not illegal to sell electronic components in the United States; thus, illegality may be established in this case only by showing that the laws of *Mexico* forbade the importation and sale of electronic components. Since the proof did not show that the laws of Mexico forbade the importation and sale of electronic components, the proof also failed to show that any party committed an illegal *act*. Since no illegal act was, in fact, *proved*, there is no reason

to prevent appellant's recovery on the promissory note.

■ Appellees argue that appellants injected the issue of illegality throughout the case and that "counsel went to great lengths to parade the opinion of this Court in *International Aircraft Sales v. Betancourt, supra,* before the jury, so as to emphasize the determination of illegality to the trial jury." Appellees cite a number of cases holding that a party introducing evidence may not later complain of its admission or use as competent evidence; however, this begs the question of whether appellees sustained *their* burden of coming forward with formal proof that the laws of Mexico barred importation of electronic components. We hold that appellees failed to prove the laws of Mexico as required by the statute in effect at the time of trial, TEX.REV.CIV.STAT.ANN. art. 3718 (Vernon 1926).[1] *Garza v. Greyhound Lines, Inc.,* 418 S.W.2d 595 (Tex.Civ.App.—San Antonio 1967, no writ).

■ Our ruling in this case takes into consideration the fact that there is often involved, in reaching a decision as to granting or withholding relief, the question whether the policy against assisting a wrongdoer outweighs the policy against permitting unjust enrichment of one party at the expense of the other. The solution of the question depends upon the peculiar facts and the equities of the case, and the answer usually given is that which it is thought will better serve public policy. *Lewis v. Davis,* 145 Tex. 468, 199 S.W.2d 146 (1947). Further, public policy considerations aside, the courts are not always reluctant to grant relief to culpable complainants. For instance, courts may require an accounting between partners of profits or assets acquired from illegal transactions. See cases cited in *Lewis v. Davis,* 199 S.W.2d at 150; *Kottwitz,* 34 Tex. at 697–8. A court may enforce a contract against a

defense of illegality where the failure to do so would, in effect, create a right or title in the other party dependent entirely on the contract, and thereby enable that party to reap a benefit thereunder. *Loggins v. Stewart,* 218 S.W.2d 1011 (Tex.Civ.App.— El Paso 1949, writ ref'd). Even the fruit of a gambling venture is property about which the parties may be allowed to litigate. *Castilleja v. Camero,* 402 S.W.2d 265 (Tex.Civ.App.—Corpus Christi 1966, aff'd 414 S.W.2d 424 (Tex.1967)). We hold that appellant may recover on its promissory note.

■ In its fifth point of error, appellant raises evidentiary challenges to the jury findings which established that Lionel Betancourt had no authority "to execute the note sued upon on behalf of Rio Grande Music Company." The jury found that, at the time the note of March 12, 1976 was signed, Rodriguez did not believe that Betancourt and Phillips were signing as the act of RG Music, and that neither Betancourt nor Phillips was acting within the scope of his apparent authority from RG Music in signing that note. We refuse to hold that, because Phillips and Lionel Betancourt operated RG Music and had had extensive dealings with appellant over the years, that every business transaction they enter into must automatically include RG Music as a guarantor of their liabilities. The point of the jury findings is that B & P was a separate entity from RG Music, and that appellant's agent knew this. Our review of the record certainly does not establish the opposite as a matter of law. We hold that there is sufficient evidence to support the jury verdict.

■ Also under this point of error, appellant contends that RG Music ratified the transaction with the Bank because trial evidence "unequivocally established that Rio Grande Music Company received certain

---

**1.** Rule 203 of the new Rules of Evidence greatly relaxes the procedure for proving the law of a foreign country, allowing the court to "consider any material or source, whether or not submitted by a party or admissible under the rules of evidence, including but not limited to affida-vit, testimony, briefs, and treatises." However, this Rule did not take effect until several months after trial, and we decline to assign it retroactive application. See *Aquamarine Associates v. Burton Shipyard, Inc.,* 659 S.W.2d 820 (Tex.1983).

money benefits ... as a result of the Kyral, Whitley [B & P's smuggling partners], Betancourt, and Phillips activities, and to this date, Rio Grande Music Company has retained those benefits." Even if true, the fact that RG Music eventually retained proceeds which were generated by B & P hardly bears upon whether RG Music ratified the *note* issued, and certainly does not make RG Music liable to appellant as a matter of law. Appellant's fifth point of error is overruled.

In its sixth point of error, appellant contends that appellees executed the March 12, 1976 note as an Accord and Satisfaction for the benefit of RG Music with the Bank. We note first that Accord and Satisfaction is an affirmative *defense*, yet here it is appellant, plaintiff at trial, who seeks to establish the "defense" on appellee's behalf in order that appellant may recover. In addition, the defense of Accord and Satisfaction rests upon a *new* contract "in which the parties *agree* to the discharge of an existing obligation in a manner otherwise than originally agreed. The tender of the alternate satisfaction is upon the condition that the acceptance will constitute a discharge of the underlying obligation." *Harris v. Rowe*, 593 S.W.2d 303 (Tex.1979). The minds of the parties must meet and the communication must be unmistakable. Moreover, an Accord and Satisfaction must be supported by a consideration. *Pickering v. First Greenville National Bank*, 495 S.W.2d 16 (Tex.Civ.App. —Dallas 1973, writ ref'd n.r.e.). There is no "accord" or "satisfaction" under the facts of the case before us.

Also under its sixth point of error, appellant contends that RG Music "is attempting to avoid the Bank's subrogation claim based on this same Accord and Satisfaction agreement." As we have found that no accord or satisfaction existed, we will overrule appellant's contention assuming its existence. Appellant's sixth point of error is overruled.

In light of our disposition of the previously discussed issues, we need not consider appellant's second, seventh, eighth and ninth points of error because they no longer present controlling issues. TEX.R. CIV.P. 451.

Appellees RG Music bring one cross-point of error in which they contend that the trial court erred by refusing to allow evidence and special issues on the issue of whether appellant breached its fiduciary duty as Successor Independent Executor of the estate of Paco Betancourt. Appellees contend that by "the very taking of the note in question, [appellant] has violated its fiduciary duty to Rio Grande Music Company, Frank Betancourt, Lee Magee and Betty Wilson."

Appellant cites no cases which lead us to believe that the fact situation before us constitutes a breach of fiduciary duty. We hold that the trial court did not err in finding as a matter of law that this was so. Appellant's cross-point is overruled.

Appellant's first, third, and fourth points of error are sustained. All other assignments of error are overruled. The judgment of the trial court is affirmed insofar as it relates to appellees Rio Grande Music Company, Frank Betancourt, Betty Wilson and Lee Magee. The judgment of the trial court as it relates to appellees B & P Enterprises, John Phillips, and Lionel Betancourt is reversed. Pursuant to TEX.R. CIV.P. 434 and TEX.REV.CIV.STAT.ANN. art. 5069–1.05, we render judgment that appellant recover on its promissory note together with interest at the rate specified in the note calculated from the date of the trial court's judgment. Costs are to be apportioned equally between appellant and appellees B & P Enterprises, John Phillips and Lionel Betancourt. TEX.R.CIV.P. 448.