**SANDSEND FINANCIAL CONSULTANTS, LTD., Relator,**

**v.**

**Hon. Sharolyn WOOD, Judge of the 127th District Court of Harris County, Texas, Respondent.**

**No. 01–87–01100–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 7, 1988.

Jane Cooper–Hill, Richie & Greenberg, Houston, for relator.

Marvin D. Nathan, Lackshin & Nathan, Kevin McEvily, Alexander & McEvily, and Norman Riedmueller, Krist, Kinney & Puckett, Houston, for respondent.

Before WARREN, DUNN and COHEN, JJ.

## OPINION

COHEN, Justice.

Relator, Sandsend Financial Consultants, Ltd., asks this Court for leave to file a petition for writ of mandamus ordering the respondent to employ the discovery procedures found in the Hague Evidence Convention. *Multilateral Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, opened for signature* March 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444, 28 U.S.C. § 1781 note.

Relator is a defendant in the underlying lawsuit styled *Continental Savings Association v. Adkinson,* which was filed on June 28, 1987. On August 3, 1987, relator filed a special appearance, which was denied on October 14, 1987. Real party in interest, Continental Savings, then noticed relator's deposition and requested production of documents. Relator filed a motion to quash the notice of deposition and for protection, arguing that the real party in interest had to first seek discovery from relator, a Jersey, Channel Islands,[1] corporation, under the Hague Evidence Convention. After hearing oral argument, respondent ordered that the real party in interest could proceed without regard to the procedures in the Hague Evidence Convention. Relator's motion for rehearing was denied by written order.

■ Relator contends that the respondent abused her discretion by denying relator's motion that discovery be taken in the first instance under the Hague Evidence Convention. Relator relies upon this Court's decision in *Th. Goldschmidt A.G. v. Smith,* 676 S.W.2d 443 (Tex.App.—Houston [1st Dist.] 1984, orig. proceeding), where this Court held that the Hague Convention procedures must be complied with as an "avenue of first resort."

This Court's view of the Hague Convention was rejected recently by the United States Supreme Court in *Societe Nationale Industrielle Aerospatiale v. United States District Court,* —— U.S. ——, 107 S.Ct. 2542, 2551–2553, 96 L.Ed.2d 461 (1987), which held that the Hague Convention was "intended to establish optional procedures that would facilitate the taking of evidence abroad." The Court concluded that the Convention was intended as a "permissive

1. The Channel Islands consists of two Bailiwicks, Jersey and Guernsey. They are a special province of the British government, annexed to Britain in the thirteenth century when the King of England ceased to be Duke of Normandy and surrendered Normandy to France. The Channel Islands Bailiwicks have their own legislature and courts, but these are subject to the central control of the British government. *Cedec Trading Ltd. v. United Am. Coal Sales,* 556 F.Supp. 722, 723 (S.D.N.Y.1983).

supplement, not a preemptive replacement, for other means of obtaining evidence located abroad." 107 S.Ct. at 2551. The petitioners in *Societe Nationale* also had asserted that even if the Hague Convention's procedures were not mandatory, the Supreme Court should adopt a rule requiring that American litigants first resort to those procedures before initiating any discovery under the Federal Rules of Civil Procedure. The Court declined petitioner's invitation to announce such a rule of first resort, calling it unwise, unduly time consuming, expensive, and less certain to produce needed evidence.

 Relator now invites this Court to mandate a rule of first resort that the Supreme Court has rejected. Relator is advocating an untenable position, asserting that a federal treaty is binding on respondent, but that the Supreme Court's interpretation of that treaty is not binding. In construing a treaty, however, this Court is duty bound to follow Supreme Court precedent. Federal supremacy in treaty-making would be ill-served by state courts following a different tack than the United States Supreme Court in the interpretation of a treaty.

We accordingly hold that the Hague Evidence Convention is a permissive supplement to the Texas Rules of Civil Procedure. As a permissive supplement, it is within the trial court's discretion to determine whether the Hague Convention procedures should be used as a first resort. This is what the respondent did. At the hearing on relator's motion to quash, the respondent stated:

> I read the Supreme Court opinion with care, and there are obviously reasons the Court can feel that discovery needs to be expeditious, I need to go forward and that there might not be viable discovery from the other procedures. That's exactly how I feel.

This determination by the respondent was a proper exercise of her discretion.

Mandamus will not issue to control the action of a trial court in a matter involving discretion. A relator attacking the ruling of a trial court as an abuse of discretion must establish that the facts and the law permit the trial court to make but one decision. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916 (Tex.1985). The respondent had the discretion to make a decision on whether the Hague Convention procedures were appropriate. This Court may not issue mandamus to order a trial court to exercise its discretion in a particular manner, unless there is a clear abuse of that discretion.

Finding no such abuse of discretion, the motion for leave to file petition for a writ of mandamus is OVERRULED.