James LAWRENSON, Appellant,

v.

GLOBAL MARINE, INC. & Global Marine Drilling Company, Appellees.

No. 06–92–00084–CV.

Court of Appeals of Texas, Texarkana.

Dec. 7, 1993.

Rehearing Denied Jan. 19, 1994.

520

Michael Kerensky, O'Quinn, Kerensky & McAninch, Richard P. Hogan, Jr., David W. Holman, Houston, for appellant.

Marion E. McDaniel, Jr., Houston, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

James Lawrenson appeals from a summary judgment. Lawrenson, a British national, sued Global Marine, Inc. for injuries sustained aboard the ship *Glomar Adriatic I* in Angolan national waters.

Lawrenson contends that the trial court erred in granting Global Marine's motion for summary judgment because the motion did not expressly address his Texas state law claims and because there were disputed issues of fact regarding his claims under the Jones Act in federal maritime law. He also argues that any ruling based upon limitations was erroneous as a matter of law.

On June 6, 1983, Lawrenson was injured while working on an off-shore drilling platform that was located just off the shore of Angola. The contract Lawrenson was working under did not specifically provide that the work was to be done in Angolian waters, but the work was to be done wherever the ship *Glomar Adriatic I* was ordered. He filed suit against Global Marine, Inc. (GMI) on March 11, 1986, and added Global Marine Drilling Corporation (GMDC) as a defendant on January 24, 1991, as the parties allegedly responsible for his injuries. Where appropriate, we will refer to both entities as Global. Global Marine Drilling Corporation is a wholly-owned subsidiary of Global Marine, Inc.

## STANDARD FOR REVIEW

Summary judgment is proper when the movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979); *Baubles & Beads v. Louis Vuitton, S.A.,* 766 S.W.2d 377 (Tex.App.–Texarkana 1989, no writ). The question on appeal is not whether the summary judgment proof raises a fact issue with reference to the essential elements of the plaintiff's cause of action, but whether the summary judgment proof establishes that the movant is entitled to summary judgment as a matter of law. *Gonzalez v. Mission American Ins. Co.,* 795 S.W.2d 734, 736 (Tex.1990). Because the movant bears the burden of proof, all conflicts in the evidence are disregarded, evidence favorable to the nonmovant is taken as true, and all doubts as to the genuine issue of material fact are resolved in favor of the nonmovant. *Nixon v. Mr. Property Management,* 690 S.W.2d 546 (Tex.1985). A de-

**522**

fendant who moves for summary judgment must demonstrate that at least one essential element of the plaintiff's cause of action has been disproved as a matter of law. *Hammonds v. Thomas*, 770 S.W.2d 1 (Tex.App.–Texarkana 1989, no writ). Once the defendant has negated an essential element of the plaintiff's cause of action, the burden then shifts to the plaintiff to produce evidence of probative force raising an issue of fact as to the element negated. *Goldberg v. United States Shoe Corp.*, 775 S.W.2d 751, 752 (Tex. App.–Houston [1st Dist.] 1989, writ denied). In cases in which multiple causes of action are alleged, a movant may not be granted judgment on a cause of action not addressed by the proceeding. A movant must establish his entitlement to a summary judgment on the issues expressly presented to the trial court. *Chessher v. Southwestern Bell Telephone*, 658 S.W.2d 563, 564 (Tex.1983); *Clear Creek Basin Authority*, 589 S.W.2d 671; *Christensen v. Sherwood Ins. Services*, 758 S.W.2d 801, 803 (Tex.App.–Texarkana 1988, writ denied).

### STATUTE OF LIMITATIONS

Global contends that the judgment should be affirmed on limitations grounds. Global argues that, since both GMI and its wholly-owned subsidiary GMDC were in bankruptcy at the time of the filing of the initial petition and since Lawrenson did not file the action during the thirty-day window provided by the Bankruptcy Code after bankruptcy actions were completed, the case was not timely filed. The applicable statute of limitations for the claim under federal law is provided by the Jones Act, 46 U.S.C.A.App. § 688 (West 1975 & Supp.1993), which incorporates the three-year period set out by the Federal Employers' Liability Act. If Texas negligence law were applied, the proper limitations period would be two years. The following chronology of events is set forth in Global's motion for summary judgment.

June 6, 1983    Cause of action arose

January 27, 1986    GMI and GMDC filed bankruptcy, triggering automatic stay under 11 U.S.C.A. § 362(a) (West 1993)

March 11, 1986    Lawrenson sues GMI while GMI was under the automatic stay

June 11, 1986    Last date to file lawsuit if GMI had not filed bankruptcy

February 28, 1989    GMI emerges from bankruptcy and the automatic stay lifts by operation of law

March 30, 1989    Last date for commencing lawsuit under 11 U.S.C.A. § 108(c) (West 1993) (date of ending bankruptcy plus 30 days)

April 28, 1989    Lawrenson files second amended petition

January 24, 1991    Lawrenson files third amended petition, adding for the first time a claim against GMDC

The first question that we must determine is whether any of this information is competent summary judgment proof. Normally, pleadings, including motions for summary judgment and responses to motions, are not competent evidence.[1] However, in the present case, an unusual situation presents itself for review. The vice president of Global provided an affidavit that was attached to the motion for summary judgment. The affidavit contained various factual statements and concluded, "I have read the foregoing motion for summary judgment, and the facts contained therein are within my personal knowledge and are true and correct." In effect, he adopted as his own all factual statements made in the motion. This is not the proper format for an affidavit filed in support of summary judgment. "To satisfy Rule 166a(e) the affidavit must *itself* set forth facts and show the affiant's competency...." *Keenan v. Gibraltar Sav. Ass'n*, 754 S.W.2d 392, 394 (Tex.App.–Houston [14th Dist.] 1988, no writ). However, TEX.R.CIV.P. 166a(f) provides that defects in affidavits must be specifically pointed out with opportunity, but refusal, to amend before grounds

---

1. Neither a motion for summary judgment nor the response to that motion is competent summary judgment proof, whether verified or not. *Cuellar v. City of San Antonio*, 821 S.W.2d 250 (Tex.App.–San Antonio 1991, writ denied); *Anders v. Brown and Root, Inc.*, 817 S.W.2d 95 (Tex.App.–Houston [1st Dist.] 1991, no writ); *Baubles & Beads v. Louis Vuitton, S.A.*, 766 S.W.2d 377 (Tex.App.–Texarkana 1989, no writ); *Trinity Universal Ins. Co. v. Patterson*, 570 S.W.2d 475 (Tex.Civ.App.–Tyler 1978, no writ).

for reversal are shown. In the present case, counsel never complained about the fact that the affidavit attempted to incorporate facts by reference. In fact, Lawrenson admitted in his response to the motion for summary judgment that he had filed suit while Global was in bankruptcy and then addressed Global's argument on its merits. Accordingly, we hold that Lawrenson has waived any complaint about the form of the affidavit. We therefore treat the facts contained within Global's motion for summary judgment and incorporated within the affidavit as proper summary judgment evidence and will consider them in our review.

■ The automatic stay provided by the Bankruptcy Code under 11 U.S.C.A. § 362(a)(1) (West 1993) states that the commencement of a bankruptcy case operates as a stay of

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

This stay arises automatically when bankruptcy is filed and is effective whether or not a party learns of it prior to acting. That stay remains in effect until the bankruptcy proceeding is concluded or the property is no longer in the estate. The stay remains applicable to the debtor until the case is closed or discharge is granted. 11 U.S.C.A. § 362(c) (West 1993); *see* George H. Tarpley, *Impact of Bankruptcy on Civil Litigation*, in STATE BAR OF TEXAS PROF. DEV. PROGRAM, 2 Advanced Civil Trials Course K (1988), *see also* Mina Clark and Ann van Bever, *How the Bankruptcy Code Affects State Court Litigation: A Basic Guide for the General Practitioner*, 51 TEX. B.J. 784 (1988).

■ When a creditor does not seek relief from a stay but attempts to take some action commencing or continuing such a suit, as in the present case, the action taken is void, not merely voidable. *Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940); *In re Louisiana Ship Management, Inc.*, 761 F.2d 1025 (5th Cir.1985); *Continental Casing Corp. v. Samedan Oil*, 751 S.W.2d 499, 501 (Tex.1988). Under these statutes and cases, Lawrenson's filing of suit was a void act without legal consequence. He could not validly commence the case until the bankruptcy court gave its permission or until the automatic stay was otherwise lifted. 11 U.S.C.A. § 362(c)(2).[2] Therefore, his filing of suit during the bankruptcy, without the permission of the bankruptcy court, is a nullity.

■ The Bankruptcy Code further provides under 11 U.S.C.A. § 108(c) (West 1993) that if the time period for commencing a civil action expires while the debtor is in bankruptcy, a plaintiff has an additional thirty days after notice of the termination or expiration of the stay to file suit.

■ That thirty-day time period, however, is not the only consideration. Of the three-year limitations period, four and one-half months remained when Global entered bankruptcy. If limitations were tolled by the bankruptcy, Lawrenson would retain that four and one-half months time period during which to file his suit. Precisely this situation has been examined in detail by the Austin Court of Appeals in *Peterson v. Texas Commerce Bank–Austin*, 844 S.W.2d 291 (Tex. App.–Austin 1992, no writ).

In that case, the court reviewed prior Texas cases, analogized to a recent Supreme Court decision, and concluded that it had

> discovered no federal preemptive principles that would limit the Bank's remedy to the restrictive 30–day window. After the

---

**2.** The Fifth Circuit, in a case also involving Global Marine, recently held that pleadings filed during the course of bankruptcy are voidable. *Sikes v. Global Marine, Inc.*, 881 F.2d 176 (5th Cir. 1989). However, in that case the bankruptcy court itself made such a determination by directing an assortment of personal injury cases to proceed during the pendency of the bankruptcy,

retroactively giving effect to pleadings filed during the bankruptcy. Although the bankruptcy court may take such action, we are reluctant to hold that any other court may take similar action. Accordingly, this court is bound to follow the precedent of the Texas Supreme Court holding that all such pleadings are void.

automatic stay has been lifted, a claimant should benefit from the tolling of the statute of limitations for the period the stay was imposed and be permitted to bring suit during the remaining period granted by the statute of limitations.

*Peterson,* 844 S.W.2d at 295. We agree with both their reasoning and conclusion. Accordingly, the question is whether Lawrenson filed suit during the time remaining after termination of the bankruptcy. Lawrenson filed his second amended petition in this cause fifty-nine days after the termination of the bankruptcy. This is well within the four-month time period previously discussed. His suit was timely filed, and the trial court could not have properly granted summary judgment on this point.[3]

■■■■ Originally, Lawrenson only sued GMI, and added its subsidiary, GMDC, at a later date. Lawrenson contends that he was employed by one or both of these companies. An employer-employee relationship is an essential prerequisite for Jones Act coverage. *Baker v. Raymond International, Inc.,* 656 F.2d 173 (5th Cir.1981), *cert. denied,* 456 U.S. 983, 102 S.Ct. 2256, 72 L.Ed.2d 861 (1982). A seaman may have more than one Jones Act employer. *Guidry v. South Louisiana Contractors, Inc.,* 614 F.2d 447, 452 (5th Cir. 1980). By whom Lawrenson was employed would be a factual question for the jury in the event that this case was not disposed of upon other grounds. Also, whether the statute of limitations was tolled because of mis-identification would be a question of fact and, in such misidentification cases, the plaintiff is required to prove that the proper defendant was not prejudiced by the mistake in pleading the wrong party.

■■■■ Lawrenson next contends that the defendant's motion for summary judgment did not challenge his cause of action under the Texas law of negligence and that the failure to raise this issue for determination by the court requires reversal. When a seaman contends negligence against an employer because of an injury during the course of his employment aboard ship, the state and common law causes of action are preempted by the federal maritime law, specifically the Jones Act. *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964); *Lindgren v. United States,* 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686 (1930); *see also Miles v. Apex Marine Corp.,* 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990); *Penrod Drilling Corp. v. William,* 36 Tex.Sup.Ct.J. 1011 (June 16, 1993); *Texaco Refining v. Estate of Dau Van Tran,* 808 S.W.2d 61, 64 (Tex.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 301, 116 L.Ed.2d 245 (1991); *Jackson v. S.P. Leasing Corp.,* 774 S.W.2d 673 (Tex.App.–Texarkana 1989, writ denied); *Couch v. Chevron International Oil Co.,* 672 S.W.2d 16 (Tex.App.–Houston [14th Dist.] 1984, writ ref'd n.r.e.).

The requirements for pursuing such an action under the Jones Act are set out in 46 U.S.C.A.App. § 688 (West 1975 & Supp. 1993). Initially, it appears that Lawrenson would not fall within the ambit of the statute because of the language of Section 688(b)(1). Paraphrased, it states that no action for personal injury aboard ship may be maintained by any seaman injured in the course of his employment who was not a citizen or permanent resident alien of the United States at the time of the accident if the accident occurred while the person was involved in energy exploration and in waters not claimed by the United States. It is uncontroverted that the injury occurred while Lawrenson was aboard an oil exploration vessel off the shore of another country.

However, under a savings clause in the next paragraph, that exclusion does not apply if the person bringing the action establishes that no remedy was available to that person:

(A) under the laws of the nation asserting jurisdiction over the area in which the incident occurred; or

(B) under the laws of the nation in which, at the time of the incident, the person for whose injury or death a remedy

---

**3.** In addition, we note that there is no showing of when Lawrenson received notice that the bankruptcy had terminated. Without proof of the time of notice, *as required by the statute,* the thirty-day window could not be applied.

is sought maintained citizenship or residency.

46 U.S.C.A.App. § 688(b)(2) (West 1993).

The question, then, is whether Lawrenson had a remedy available either under the law of Angola, the country having jurisdiction over the geographic area where the incident occurred; or under British law, the place of his citizenship. *See Jackson*, 774 S.W.2d at 675, *citing Camejo v. Ocean Drilling & Exploration*, 838 F.2d 1374, 1376–77 (5th Cir. 1988).

Global Marine correctly contends that the determination of the law of a foreign country presents the trial court with a question of law. Prior to the adoption of the civil rules of evidence, foreign law was regarded as a fact issue in Texas. *See San Benito Bank v. Rio Grande Music Co.*, 686 S.W.2d 635 (Tex. App.–Corpus Christi 1984, writ ref'd n.r.e.); *Franklin v. Smalldridge*, 616 S.W.2d 655 (Tex.Civ.App.–Corpus Christi 1981, no writ); *Cass v. Estate of McFarland*, 564 S.W.2d 107 (Tex.Civ.App.–El Paso 1978, no writ). Rule 203 of the Texas Rules of Civil Evidence is entitled "Determination of the Laws of Foreign Countries." The last line of this rule provides, "The court's determination shall be subject to review as a ruling on a question of law."

▮▮▮▮ Rule 203 is a hybrid rule by which the presentation of the law to the court resembles the presentment of evidence but which ultimately is decided as a question of law. We do not consider this procedure as judicial notice as set forth in Rule 201 of the Texas Rules of Civil Evidence because that term refers only to adjudicative facts and not to matters of law. We must instead follow the specific procedures set forth for determination of foreign law in Rule 203. Rule 203 provides that in determining the laws of a foreign country, the court can consider any material or source, whether or not submitted by a party or whether admissible under the rules of evidence, including affidavits, testimony, briefs, and treaties. The rule further provides, however, that if the court considers sources other than those submitted by a party, the court shall give all parties notice and a reasonable opportunity to comment on the sources and to submit further materials to the court.

Even though this is a summary judgment proceeding, Rule 203 is applicable. The trial judge would thus have been required to give notice to all parties if considering some source other than the material presented by the parties. We found nothing in the record to show that any such notice was given or that any other source was considered. Therefore, we conclude that the trial judge based the ruling on this point on the summary judgment evidence offered by the parties.

▮▮▮▮ Rule 203 also provides that a party who intends to raise an issue concerning the law of a foreign country shall give notice in his pleadings or other written notice at least thirty days prior to the date of the trial and also shall furnish the parties with written material or sources that he intends to use as proof of the foreign law. A motion for summary judgment is considered a pleading. *Barrow v. Jack's Catfish Inn*, 641 S.W.2d 624 (Tex.App.–Corpus Christi 1982, no writ). Global Marine specifically averred in their motion for summary judgment that "Plaintiff had a remedy under the laws of the nation of his citizenship, the United Kingdom. As set forth in the attached affidavit of C.W. Sprague, a solicitor practicing law in England, Plaintiff could have sued GMDC in England." This motion for summary judgment was filed on November 1, 1991, and a hearing was not held on this matter until April 1, 1992. We find that this is sufficient to fulfill the thirty-day notice requirement under Rule 203. The only material before the trial court concerning the laws of a foreign nation are the affidavits of a London solicitor by the name of Christopher Sprague. No additional sources of English law have been submitted on appeal. Sprague swore in three affidavits that are part of Global's summary judgment proof that Lawrenson could have brought his cause of action for the injury in the English courts and would have a remedy available to him to redress his injuries. Sprague swore that the damages available under English common law was similar to those sought by Lawrenson in this suit. He based his opinion upon

Lawrenson being a resident of Cornwall, England, at the time of the injury,[4] upon the contract of employment having been made in England, and upon the corporations involved as defendants having been previously sued in English courts.

Lawrenson argues that, even if he has access to the English courts, English courts under choice of laws would apply the law of the lex loci delicti [5] which would be the law of Angola. He has filed no summary judgment proof to counter Global's affidavits concerning what law England would apply. He further contends that the law of Angola might not provide a remedy for his injury. He has filed no affidavits showing what the law of Angola might be, but he suggests that because the country is in civil strife, there may be no existing laws in Angola.

Sprague states in his affidavit that there is no direct precedent available in the English courts on what law the English courts might apply, but that, based upon an opinion from English textbooks on the matter and his opinion, he believed that the English courts would apply American law, being the law of the flag of the vessel. He further states that if no other law is proved by the parties, English law would be applied.

The opinion of the English solicitor is not contradicted by any affidavits or opinions submitted by Lawrenson as summary judgment proof. His affidavits clearly state that, in his opinion, Lawrenson has a remedy in the courts of England. Under the terms of the Jones Act, Lawrenson cannot bring his cause of action in a state or federal court of the United States when he has a remedy in England. Thus, the trial court correctly rendered a summary judgment against Lawrenson.

The judgment of the trial court is affirmed.

---

4. In his fourth amended petition, Lawrenson no longer lists England as his residence, but alleges that he is a citizen of Coal Point N.S.W. 2283, Australia.

5. The law of the place where the crime or wrong took place. BLACK'S LAW DICTIONARY 911 (6th ed. 1990).