AG VOLKSWAGEN, Relator,

v.

The Honorable Rogelio VALDEZ, Judge, 357th Judicial District Court of Cameron County, Texas, Respondent.

No. 13–94–600–CV.

Court of Appeals of Texas, Corpus Christi.

March 30, 1995.

Rehearing Overruled May 4, 1995.

Ruben R. Pena, Harlingen, Bruce L. Jamison, Jamison & Associates, Houston, Eduardo R. Rodriguez, Rodriguez, Colvin & Chaney, Brownsville, for intervenor.

Timothy R. Bersch, Gilpin, Paxson & Bersch, N. Terry Adams, Jr., Gilpin, Paxson & Bersch, Houston, for relator.

Before DORSEY, YAÑEZ and RODRIGUEZ, JJ.

## OPINION

YAÑEZ, Justice.

In this original mandamus proceeding, Volkswagen AG seeks to protect from discovery its corporate telephone book, the disclosure of which is allegedly prohibited by German law. We deny mandamus relief.

The real parties in interest[1] sued both Volkswagen of America and its German parent company, Volkswagen AG, in products liability for personal injuries resulting from a 1989 automobile accident involving their 1970 model Volkswagen.

The real parties requested production of Volkswagen AG's corporate telephone book by subpoena duces tecum under Texas Rule of Civil Procedure 201.[2] Volkswagen AG agreed to produce its 1969 corporate telephone book, but objected to production of its current corporate telephone book on the grounds that it is irrelevant and that production would violate the German Federal Data Protection Act, which generally prohibits the dissemination of private information without the consent of the individual in question.

---

1. Oran Monceaux and Norma DeAses, individually and as next friend of Christina and Andrew DeAses.

2. We also note the existence of the Hague Evidence Convention as a means of discovering evidence in another country. However, the United States Supreme Court has held that the Hague Convention intended to establish optional procedures that would facilitate the taking of evidence abroad and thus supplement, but not replace, other means of obtaining evidence located abroad. *Societe Nationale Industrielle Aerospatiale v. United States District Court*, 482 U.S. 522, 534–540, 107 S.Ct. 2542, 2551–2553, 96 L.Ed.2d 461 (1987); *see also Sandsend Financial Consul-* tants, Ltd. v. Wood, 743 S.W.2d 364, 365–66 (Tex.App.—Houston [1st Dist.] 1988, orig. proceeding). The *Sandsend* court accordingly followed the same interpretation of the Hague Evidence Convention as a permissive supplement to the Texas Rules of Civil Procedure, and held that it is within the trial court's discretion to determine which procedures to apply. *Id.* at 366. In the present case, none of the parties appear to have argued for use of the procedures set forth in the Hague Convention. Accordingly, we assume that the trial court properly followed the Texas Rules of Civil Procedure with regard to the present discovery matter.

Volkswagen AG's current corporate telephone book contains the names, job titles, position within the company, and direct dial work numbers of more than 20,000 employees, as well as the private home numbers of individuals in management positions. To support its claim of confidentiality, Volkswagen presented the affidavits of two German lawyers, one of whom was with the government agency charged with enforcing the German law in question, to the effect that production of the telephone book is prohibited and would subject the violator to penalties of up to a year in prison. The real parties presented no evidence to controvert the opinions of the German lawyers.

Nevertheless, the trial court overruled Volkswagen's objections and on September 30, 1993, ordered production of the telephone book. Volkswagen moved for rehearing and presented another supporting affidavit and a translation of the German Federal Data Protection Act. The trial court overruled the motion for rehearing on October 27, 1993. Volkswagen again moved for reconsideration on April 7, 1994. The trial court on April 26, 1994, signed an order overruling Volkswagen's objections and ordering it to produce a copy of its current corporate phone book. Volkswagen was then warned by the relevant German department of government that production of the telephone book would amount to an illegal transfer of data. Accordingly, Volkswagen again moved for reconsideration, which the trial court overruled on November 21, 1994. Unable to convince the trial court to vacate its order for production, Volkswagen now petitions this Court for relief by way of a writ of mandamus.

### Inadequacy of the Remedy by Appeal

■■■ Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). Generally, a party will not have an adequate remedy by appeal when the trial court erroneously orders the disclosure of privileged information which will materially affect the rights of the aggrieved party. *Id.* at 843. In addition, the remedy by appeal may also be inadequate when a discovery order amounts to harassment or imposes a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party. *Id.* at 843.

■ The present discovery order shares characteristics of both these exceptions to the general presumption of an adequate remedy at law, yet it does not clearly fall within either. First, although it requires the disclosure of privileged information, that information is not directly damaging to Volkswagen in the present litigation, but may violate the privacy interests of Volkswagen's German employees. Second, although there is no claim of harassment due to the bulk of the materials requested or the physical requirements for such production, the threat of German criminal prosecution could itself be characterized as a burden on Volkswagen far out of proportion to any benefit that the real parties may obtain. Accordingly, though the present case does not clearly fit into any of the categories established by *Walker*, we nevertheless hold that it would effectively deprive Volkswagen of an adequate remedy at law to make it risk either criminal sanctions in Germany for disclosure, or sanctions in the court below for refusal to comply with the discovery order.

Moreover, the Texas Supreme Court has also suggested that mandamus is an appropriate remedy when issues of sovereign immunity, comity and foreign affairs are involved, because of the risk of harm to interstate and international relations. *See K.D.F. v. Rex*, 878 S.W.2d 589, 592–93 (Tex.1994) (recognition by Texas courts of sovereign immunity of a Kansas government agency); *Canadian Helicopters v. Wittig*, 876 S.W.2d 304, 306 (Tex.1994); *United Mexican States v. Ashley*, 556 S.W.2d 784 (Tex.1977) (suit against Mexico barred both by sovereign immunity and by the "act of state" doctrine). In the present case, the Texas trial court's order for production directly contravenes the German law which would otherwise require Volkswagen to keep confidential information concerning its German employees. Accordingly, we hold that concerns involving comity and international relations justify mandamus relief.

However, we first determine whether Volkswagen adequately proved a true conflict between the German Federal Data Protection Act and the present discovery order.

## Proof of Foreign Law

Texas Rule of Civil Evidence 203 provides: A party who intends to raise an issue concerning the law of a foreign country shall give notice in his pleadings or other reasonable written notice, and at least 30 days prior to the date of trial such party shall furnish all parties copies of any written materials or sources that he intends to use as proof of the foreign law. If the materials or sources were originally written in a language other than English, the party intending to rely upon them shall furnish all parties both a copy of the foreign language text and an English translation. The court, in determining the law of a foreign nation, may consider any material or source, whether or not submitted by a party or admissible under the rules of evidence, including but not limited to affidavits, testimony, briefs, and treatises. If the court considers sources other than those submitted by a party, it shall give all parties notice and a reasonable opportunity to comment on the sources and to submit further materials for review by the court. The court, and not a jury, shall determine the laws of foreign countries. The court's determination shall be subject to review as a ruling on a question of law.

*See Lawrenson v. Global Marine, Inc.,* 869 S.W.2d 519, 525 (Tex.App.—Texarkana 1993, writ denied); *Ossorio v. Leon,* 705 S.W.2d 219, 222 (Tex.App.—San Antonio 1985, no writ); *see also Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1473 (9th Cir.1992); *United States v. First National Bank of Chicago,* 699 F.2d 341, 344 (7th Cir.1983) (Texas Rule of Civil Evidence 203 appears generally to have been patterned after Federal Rule of Civil Procedure 44.1.). Prior to the adoption of the civil rules of evidence in Texas, and specifically Rule 203, foreign law was regarded as a fact issue to be pled and proved by the party relying on such law, without the aid of judicial notice by the courts. *Lawrenson,* 869 S.W.2d at 525;

*San Benito Bank v. Rio Grande Music Co.,* 686 S.W.2d 635, 638 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

■ Rule 203 has been aptly characterized as a hybrid rule by which the presentation of the foreign law to the court resembles the presentment of evidence but which ultimately is decided as a question of law. *Lawrenson,* 869 S.W.2d at 525. However, like a question of fact, when the only evidence before the court is the uncontroverted opinions of a foreign law expert, the court will generally accept those opinions as true so long as they are reasonable and consistent with the text of the law. *See Lawrenson,* 869 S.W.2d at 525–26.

■ In order to prove its assertions concerning German law, Volkswagen submitted the affidavit of Horst–Gunther Bens, a German attorney familiar with the Federal Data Protection Act. Bens stated his opinion that the Act prohibits Volkswagen from producing its current corporate telephone book, based on the Act's prohibition of the dissemination of personal data without the individual's consent. He further stated that such "personal data" includes any information concerning the personal or material circumstances of an individual, including address and telephone number. Bens also listed exceptions to the Act, including an order of a German court or when disclosure is "necessary to avert a grave infringement of another person's rights." However, Bens stated his opinion that the present request for a book containing telephone numbers of thousands of current employees uninvolved in the present litigation would not be sufficiently necessary to except Volkswagen from the prohibition against disclosure under the Act. Bens mentioned another exception allowing communication of personal data to private bodies if the recipient credibly proves a justified interest and the subject does not have a legitimate interest in excluding the communication. Again, however, Bens stated his opinion that the real parties have failed to credibly prove a justified interest in the information sought, and that the subject employees have a legitimate interest in excluding such data from communication. Bens finally stated that the punishment for violating the Fed-

eral Data Protection Act by communicating protected personal data could include imprisonment for up to one year.

Volkswagen also offered the translation of a letter from Dr. Dronsch, the State Commissioner for Data Protection of Lower Saxony, Germany, as certified to the lower court in the underlying proceeding. As a German official charged with supervisory authority over the implementation of the Act, Dr. Dronsch stated his opinion that production would violate German law in the present case, for generally the same reasons explained by Bens. Finally, Volkswagen offered the affidavit of Arkansas law professor Paul Schwartz, who has experience in German data protection law and offered his opinion supporting those of Bens and Dronsch.

In the present case, based on the affidavits and other evidence presented by Volkswagen, we conclude that it has properly pled and proven that German law prohibits the disclosure of its current corporate telephone book.

### Comity and the Balancing of Interests

■ The Texas Rules of Civil Evidence provide no general privilege based upon the laws of a foreign country. *See* Tex.R.Civ. Evid. 501–513. In some cases, the Rule 502 privilege not to reveal certain required reports which are protected by statute may encompass a foreign law privilege, if foreign law required such report to be made in the first place. *See Great Nat. Life Ins. Co. v. Davidson,* 708 S.W.2d 476, 478 (Tex.App.— Dallas 1986), *rev'd on other grounds,* 737 S.W.2d 312 (Tex.1987). In fact, *Davidson* would appear to deny recognition of any general privilege based on foreign law that did not have some basis in the Texas law or rules of evidence. *Id.* at 478; *see also* Tex. R.Civ.Evid. 501. However, we acknowledge that we are bound by the laws of the United States as well, which includes established principles of comity with foreign countries.

■ The Texas Supreme Court has generally defined the considerations involved in

extending "comity" to the laws of another nation, as follows:

> 'Comity,' in the legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other. But it is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws.

*Gannon v. Payne,* 706 S.W.2d 304, 306 (Tex. 1986) (quoting *Hilton v. Guyot,* 159 U.S. 113, 163–64, 16 S.Ct. 139, 143, 40 L.Ed. 95 (1895)). Stated another way, comity is a principle in which the courts of one state or jurisdiction will give effect to the laws and judicial decisions of another, not as a matter of obligation, but out of deference and respect. *Keene Corp. v. Caldwell,* 840 S.W.2d 715, 720 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding) (quoting *Black's Law Dictionary* 242 (5th ed. 1979)).

Our courts of appeals have, for instance, applied comity, as well as full faith and credit analysis, to support the deference given to federal protective orders shielding matters from state court discovery. *See Keene,* 840 S.W.2d at 720.

Specifically with regard to foreign "blocking statutes,"[3] the United States Supreme Court has held that they do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence, even though the act of production may violate that statute. *Societe Nationale Industrielle Aerospatiale v. United States District Court,* 482 U.S. 522, 544 n. 29, 107 S.Ct. 2542, 2556 n. 29, 96 L.Ed.2d 461 (1987); *Richmark,* 959 F.2d at 1474. The interest of the foreign state in confidentiality as expressed in their statute must be balanced against the interests of the plaintiffs in obtaining the requested information and of the United States in vindicating the rights of American plaintiffs. *See Richmark,* 959 F.2d at 1474 & 1477.

**3.** i.e., statutes which prohibit the communication or disclosure of certain information which has been requested or ordered by a foreign agency or court.

■ The right of an American court to order the production of information located abroad and the balancing test to be applied when this right conflicts with foreign law is set out in Restatement (Third) of Foreign Relations Law § 442. Section 442(1)(a) provides that:

A court or agency in the United States, when authorized by statute or rule of court, may order a person subject to its jurisdiction to produce documents, objects, or other information relevant to an action or investigation, even if the information or the person in possession of the information is outside the United States.

Section 442(1)(c) then provides the following balancing test to determine whether the interest of the domestic court or agency is sufficient to overcome any foreign interest in protecting such information from discovery:

In deciding whether to issue an order directing production of information located abroad, and in framing such an order, a court or agency in the United States should take into account the importance to the investigation or litigation of the documents or other information requested; the degree of specificity of the request; whether the information originated in the United States; the availability of alternative means of securing the information; and the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.

See *Aerospatiale*, 482 U.S. at 544 n. 28, 107 S.Ct. at 2556; *Richmark*, 959 F.2d at 1475; *Reinsurance Co. of America v. Administratia Asigurarilor de Stat*, 902 F.2d 1275 (7th Cir.1990); *United States v. First National Bank of Chicago*, 699 F.2d 341, 345 (7th Cir.1983).

Accordingly, we now apply the balancing test of section 442 to determine whether comity required the trial court to protect the current corporate telephone book from discovery in the present case.

■ We acknowledge that the requested phone book originated in Germany and that Volkswagen's compliance with the present discovery order would reveal certain personal information about its employees, to the extent that phone numbers and job titles may be considered personal information which may indirectly convey private inferences concerning the status of the individual in question.

However, information like phone numbers and job titles primarily facilitate communication. The real parties in the present case have a compelling interest in obtaining the current phone book in order to communicate with the various professionals within Volkswagen AG who may have knowledge of the design being incorporated into the 1970 automobile or may otherwise be of help in investigating such design. The 1969 phone book is clearly out of date and would probably be of little or no help in currently locating the professionals in question. In addition, though Volkswagen claims that it has already provided all of the individuals and information necessary to evaluate the 1970 product design, the real parties certainly have the right to question that assertion and to search for others involved in the design who may be of help to their case. Aside from the phone book or some other list of corporate employees that we presume would be just as objectionable under the Act, there is no suggestion of any alternate means of securing the information in question.

Clearly, Volkswagen's failure to provide the requested information on privacy grounds would undermine the interests of the real parties in the present case, as well as the interests of this State and of the United States in vindicating the claims of American plaintiffs.

In addition, though the phone book included some 20,000 names, it was a specific request that is not alleged to be burdensome or otherwise difficult for Volkswagen to comply with.

Finally, though Volkswagen contends that its obedience to the present court order would expose it to criminal liability in Germany, we question whether the court-ordered disclosure to a plaintiff in need of such information in this country would seriously threaten Volkswagen with criminal sanctions.

We trust that a German court examining this matter would apply the same general principles of comity to the order of the Texas trial court that we seek to apply in relation to German law.

After applying the balancing test of section 442, we conclude that the interest of the real parties in obtaining the requested phone book, and the interests of this State and the United States in protecting their right to obtain such information, outweigh that of Germany in prohibiting its disclosure.[4] Accordingly, the trial court acted within its discretion in ordering production.

We deny mandamus relief.

---

**4.** We note that Volkswagen, if it is legitimately concerned about the privacy of its German employees, may still move for a protective order restricting the disclosure of the phone book in accordance with the needs of the present litigation. *See* Tex.R.Civ.P. 166b(5)(c).