James H. THOMAS, Jr., Relator,

v.

The Honorable John F. MILLER, Jr., Judge, 102nd Judicial District Court, Bowie County, Texas, Respondent.

No. 06–95–00074–CV.

Court of Appeals of Texas, Texarkana.

Sept. 7, 1995.

David Paul, Gary D. Grimes, Franks & Grimes, Texarkana, for relator.

Blair G. Francis, James M. Orr, Francis & Orr, Dallas, for real party in interest Medical Arts Hospital.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Relator, James Thomas, Jr., M.D., filed a petition for writ of mandamus to compel the Honorable John Miller, Jr. to vacate a summary judgment entered in the underlying case while the relator was in bankruptcy. In the underlying suit, the Medical Arts Hospital sued James Thomas, Jr., claiming that he breached his contract with them. The following dates are critical to our examination of this motion.

(1) Judge Miller rendered summary judgment on the underlying case on August 8, 1994.

(2) Thomas had filed for bankruptcy three days earlier, on August 5, 1994.

(3) The bankruptcy case was terminated by an order of dismissal on May 1, 1995.

(4) On April 28, 1995, a motion to set aside summary judgment was filed by Thomas.

(5) A hearing was held and, on June 1, 1995, Judge Miller issued an order denying the motion.

**Valid, Void, or Voidable**

 This Court and many others have repeatedly held that any order or judgment entered during the pendency of a proceeding in bankruptcy is void, being entered in contravention of the automatic stay provided by the Bankruptcy Code. 11 U.S.C.A. § 362 (West 1993 & Supp.1995); *Lawrenson v. Global Marine,* 869 S.W.2d 519, 523 (Tex. App.–Texarkana 1993, writ denied), and the citations contained therein. The automatic stay deprives state courts of jurisdiction until the stay is lifted or modified. *Howell v. Thompson,* 839 S.W.2d 92 (Tex.1992); *Owen Electric Supply v. Brite Day Construction,* 821 S.W.2d 283 (Tex.App.–Houston [1st Dist.] 1991, writ denied).

Counsel contends federal law has changed since *Kalb v. Feuerstein,* 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940). In *Kalb,* the Court held that an action by a county court made in violation of the version of the automatic stay provided by the Bankruptcy Code at that time was void, not voidable. Counsel urges that this Court adopt the reasoning of *Sikes v. Global Marine,* 881 F.2d 176 (5th Cir.1989), as a better analysis of the current state of the law. In *Sikes,* the Fifth Circuit noted that additions have been made to the Bankruptcy Code after 1940 that give the trustee the power to ratify certain transactions made in violation of the stay (11 U.S.C. § 549) and also give the bankruptcy court the power to annul the stay, i.e., to grant relief from the stay with retroactive effect (11 U.S.C. 362(d)). In the prior version of the Code, the trustee had the power only to modify or terminate the stay, and no exceptions to the stay existed. In the present version of the Code, this bright-line rule has been diluted by statutory exceptions. Thus, the Fifth Circuit concluded that Section 362 no longer acts as an absolute bar and categorized the actions taken in violation of the stay as *voidable* rather than as *void.*

Since *Sikes,* a number of other circuit courts have addressed this question. The First, Second, Third, Seventh, Ninth, Tenth, and Eleventh Circuits have all held that such violations are void *ab initio.* The Federal Circuit has adopted the Fifth Circuit's position, but the Sixth Circuit has created its own variation of analysis—holding such actions to be "invalid" and thus *not* incurable. *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n,* 997 F.2d 581 (9th Cir.1993); *Ellis v. Consolidated Diesel Elec. Corp.,* 894 F.2d 371 (10th Cir.1990); *In re Ward,* 837 F.2d 124 (3d Cir.1988); *In re 48th Street Steakhouse,* 835 F.2d 427 (2d Cir.1987); *Matthews v. Rosene,* 739 F.2d 249, 251 (7th Cir.1984); *Borg–Warner Acceptance Corp. v. Hall,* 685 F.2d 1306 (11th Cir.1982); *In re Smith Corset Shops,* 696 F.2d 971, 976 (1st Cir.1982); *but see Bronson v. United States,* 46 F.3d 1573, 1577 (Fed.Cir.1995); *Easley v. Pettibone Michigan Corp.,* 990 F.2d 905, 909 (6th Cir.1993) (holding that "actions taken in violation of the stay are invalid and voidable and shall be voided absent limited equitable circumstances").

■ Even if the circuit courts agreed on a proper interpretation of the stay provision of the Bankruptcy Code, the *opinions* of those federal courts are *persuasive*—not binding. We are "obligated to follow only higher Texas courts and the United States Supreme Court." *Penrod Drilling Corp. v. Williams,* 868 S.W.2d 294, 296 (Tex.1993).

This Court reviewed the federal authorities in *Lawrenson,* 869 S.W.2d at 523. We noted that in *Sikes,* the bankruptcy court made the determination that pleadings filed during the course of the bankruptcy were voidable and that it had retroactively given effect to those pleadings. We then held that

[a]lthough the bankruptcy court may take such action, we are reluctant to hold that any other court may take similar action. Accordingly, this court is bound to follow the precedent of the Texas Supreme Court holding that all such pleadings are void.

*Lawrenson,* 869 S.W.2d at 523. This result is mandated by *Continental Casing Corp. v. Samedan Oil Corp.,* 751 S.W.2d 499, 501 (Tex.1988). In *Howell v. Thompson,* 839 S.W.2d 92 (Tex.1992), the Texas Supreme

Court has also held an opinion and judgment of an appellate court to be void that were (unknowingly) issued after the petitioner filed bankruptcy proceedings and during the pendency of the automatic stay.

■ *Howell* was issued well after the *Sikes* opinion. Had the Texas Supreme Court wished to reconsider its position, the opportunity was before it to do so. Thus, we must conclude that under the decisional authority of this state, Section 362(a) means precisely what it says. While the statutory change in the Bankruptcy Code has granted new powers to the bankruptcy courts concerning stays, those changes do not apply to actions taken by other courts. We conclude that, under the Bankruptcy Code, the trial court's summary judgment is void.

**The Appropriateness of Mandamus**

■ Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or, in the absence of another adequate remedy, when the trial court fails to observe a mandatory statutory provision conferring a right or forbidding a particular action. *Abor v. Black,* 695 S.W.2d 564, 567 (Tex.1985).

■ The first question is thus whether mandamus is the proper mode by which to attack the judgment. The trial court has "not only the power but the duty to vacate the inadvertent entry of a void judgment at any time, either during the term or after the term, with or without a motion therefor." *Bridgman v. Moore,* 143 Tex. 250, 183 S.W.2d 705, 707 (1944); *Neugent v. Neugent,* 270 S.W.2d 223, 225 (Tex.Civ.App.–Beaumont 1954, no writ). These cases have been cited for the proposition that the trial court has *no discretion* to refuse to set aside a void judgment, but has the duty to do so at any time that such matter is brought to its attention. Furthermore, an attack may be made in any proceeding having as its general objective a finding that such judgment was void when entered. *Qwest Microwave v. Bedard,* 756 S.W.2d 426 (Tex.App.–Dallas 1988) (orig. proceeding); *Stock v. Stock,* 702 S.W.2d 713, 715 (Tex.App.–San Antonio 1985, no writ). In *Urbish v. 127th Judicial Dist. Court,* 708

S.W.2d 429, 431 (Tex.1986), the Court held that

[a]n order is void when a court has no power or jurisdiction to render it. The writ of mandamus will not lie to correct a merely erroneous or voidable order of the trial court, *but will lie to correct one which the trial judge had no power to render.*

Mandamus is a proper mode of attack upon a void judgment.

However, this does not complete our inquiry. Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate *remedy* by *appeal. Cantu v. Longoria,* 878 S.W.2d 131 (Tex.1994); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex. 1992). We must determine whether the relator has another adequate remedy at law, such as a normal appeal. *Walker,* 827 S.W.2d at 840. Such a remedy is not inadequate merely because it may involve more expense or delay than obtaining an extraordinary writ. *Id.* at 842.

In *Cantu* (in which the relator asked the trial court to determine the date that she discovered the existence of a judgment, the Court held that the relator did not have an adequate remedy by appeal because she was precluded from pursuing any appeal without the finding. Similarly, in this case, there is no judgment from which an appeal may be taken because the order issued by the trial court is void. Rather than require the relator to collaterally attack the judgment in multiple proceedings every time the real parties in interest attempt to execute upon it, we now move to an examination of the merits.

Our review of a trial court's determination of legal principles controlling its ruling applies a much less deferential standard than its determination of factually based questions, since a trial court has no discretion in determining what the law is or applying the law to those facts. Thus, a failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in appellate reversal through mandamus. *Walker,* 827 S.W.2d at 840.

## Conclusion

The trial court had the duty to withdraw that judgment upon request. The court's failure to do so constitutes an abuse of discretion. We therefore grant the requested relief and direct the trial court to vacate the summary judgment issued during the pendency of the bankruptcy action. We presume that the trial judge will act in accordance with this opinion, and we will not issue a formal writ unless he fails to do so.