Hilaria Cabrera FRANKLIN, Appellant,

v.

M. G. SMALLDRIDGE, Appellee.

No. 1715.

Court of Civil Appeals of Texas, Corpus Christi.

April 16, 1981.

J. L. Covington, Brownsville, for appellant.

Tom Fleming, Wiech, Fleming, Hamilton, Uribe & Hile, Brownsville, for appellee.

## OPINION

NYE, Chief Justice.

Plaintiff, Hilaria Cabrera Franklin, filed suit for divorce seeking a dissolution of the marriage and a division of the community property. Additionally, plaintiff sought to set aside a deed from her alleged husband, Benjamin T. Franklin, to defendant, M. G. Smalldridge, contending that this was community property which was conveyed without her joinder. Prior to the hearing on the divorce action, plaintiff's alleged husband died, and the divorce proceedings were dismissed. Trial was then to the court on plaintiff's action to set aside the deed and for damages for conversion of plaintiff's nursery business located on the alleged community property. The trial court found for the defendant Smalldridge, whereupon plaintiff appeals.

Plaintiff pled that she and Benjamin T. Franklin had perfected a valid common law marriage; that during this marriage they had acquired the subject property; that they had conducted a nursery business in conjunction with the property; and that Benjamin T. Franklin had conveyed the subject property to defendant Smalldridge without her joinder. The divorce action, the suit to set aside the deed, and the suit for damages resulted.

The plaintiff brings forth 21 points of error in this appeal. However, the main question centers on the validity, vel non, of the common law marriage between her and Benjamin T. Franklin. The facts show that the plaintiff had entered into a ceremonial religious marriage with Luis Chavez in the country of Mexico. Sometime after this relationship, the plaintiff immigrated to the United States in 1955. Plaintiff contends that in 1960, she and Benjamin T. Franklin entered into a common law marriage which continued until this present action.

In order to constitute a valid common law marriage, it must be established that the parties: 1) entered into an expressed or implied agreement to become husband and wife; 2) that such agreement

was followed by cohabitation as man and wife; and 3) that they held each other out professedly and publicly as husband and wife. *Grigsby v. Reib,* 105 Tex. 597, 153 S.W. 1124 (1913); *Rosales v. Rosales,* 377 S.W.2d 661 (Tex.Civ.App.—Corpus Christi 1964, no writ); *Cain v. Caine,* 314 S.W.2d 137 (Tex.Civ.App.—Waco 1958, no writ). There is, of course, one additional fundamental rule: that in order to establish any valid marriage, the parties must possess the legal capacity to marry and that there must not be any legal impediment prohibiting the marriage contract. *Esparza v. Esparza,* 382 S.W.2d 162 (Tex.Civ.App.—Corpus Christi 1964, no writ).

The trial court, in its findings, found that plaintiff and Benjamin T. Franklin satisfied all of the above requirements to establish a valid common law marriage in the State of Texas, except for the removal of the impediment of the religious ceremonial marriage between the plaintiff and Luis Chavez in Mexico. Plaintiff contends on appeal, however, that this finding of the trial court was erroneous because a party (here, defendant M. G. Smalldridge) who attacks the validity of a present marriage must introduce proof to negate the dissolution of an alleged prior marriage. Therefore, according to appellant, it was incumbent upon defendant Smalldridge to prove the validity of the prior marriage between plaintiff and Luis Chavez to attack the present common law marriage. Alternatively, plaintiff contends that she properly pled and proved the laws of Mexico, thereby proving the invalid Mexican marriage and the lack of any impediment to her common law marriage to Benjamin T. Franklin.

■ It is true that there is a presumption that the most recent marriage of a party is the valid one, and this presumption continues until one proves the impediment of a prior marriage. *Texas Employers' Ins. Assn. v. Elder,* 155 Tex. 27, 282 S.W.2d 371 (1955); *Estate of Claveria v. Claveria,* 615 S.W.2d 164, 24 Tex.Sup.J. (1981). However, plaintiff admitted that she entered into a religious marriage with Luis Chavez in Mexico and that this marriage was never dissolved by divorce. It was plaintiff's contention throughout the trial, however, that there was no reason for her to get a divorce from Chavez, because a religious Mexican marriage is not a binding marriage in Mexico. During the trial, plaintiff's attorney made an oral motion for the trial court to take judicial knowledge of the laws of the Republic of Mexico, to fortify plaintiff's position.

■ Foreign law is regarded as a fact issue in the State of Texas. It must, therefore, be strictly plead and proved by the party relying on such foreign law. Texas Practice, Vol. 1; Texas Law of Evidence, Civil and Criminal 3rd Ed.—R. R. Ray, § 99, § 173 (1980); *Purvis v. Morehead,* 304 S.W.2d 221 (Tex.Civ.App.—Waco 1957, no writ); *Garza v. Klepper,* 15 S.W.2d 194 (Tex.Civ.App.—San Antonio 1929, writ ref'd n. r. e.). Since our Texas courts refuse to take judicial notice of foreign laws, the party relying upon such a foreign law must offer proof and plead the laws themselves. Texas Practice, Vol. 1; Texas Law of Evidence § 99, supra. In the absence of pleadings and proof of the laws of a foreign country, it is presumed that the laws of that foreign country are the same as the laws of Texas. *Seguros Tepeyac, S. A., Compania Mexicana v. Bostrom,* 347 F.2d 168, 5th Circuit, 1968. The only evidence offered during the trial of this case as to the marriage laws of Mexico was a deposition by Ramiro Filomeno Rivera Munoz, an attorney from Mexico. Expert testimony such as this, standing alone, is not sufficient to prove such foreign laws.

■ In the present case, plaintiff admitted the prior marriage and the lack of divorce to dissolve it. It then became her responsibility to prove that she had the legal capacity to marry Benjamin T. Franklin with no legal impediment prohibiting the marriage contract, as well as the subsequent perfection of the common law marriage. Since it must be presumed that the laws of Texas with regard to the validity of a religious marriage are the same in Mexico, her failure to prove a dissolution of that marriage (to Chavez) stood as an impedi-

ment to a valid common law marriage in Texas. *Seguros Tepeyac, S. A., Compania Mexicana v. Bostrom*, 347 F.2d 168, 5th Circuit, 1968. Plaintiff's points of error one through seventeen are overruled.

Next, plaintiff complains of the trial court's failure to find damages as being against the great weight and preponderance of the evidence. After a review of the entire record, we are convinced that the trial court's findings are correct. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.Sup.1965), and *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

Appellant's points of error five and eighteen assert new theories of recovery that were not brought to the attention or decided by the trial court. These points must be and are overruled. *Westinghouse Credit Corporation v. Kownslar*, 496 S.W.2d 531 (Tex.Sup.1973); *Fulcher v. Texas State Board of Public Accountancy*, 571 S.W.2d 366 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.).

Judgment of the trial court is affirmed.

BISSETT, J., not participating.