487 So.2d 780 (1986)
Cheryl Ann GUIDRY, et al.
v.
George McZEAL, et al.
No. 85-309.
Court of Appeal of Louisiana, Third Circuit.
April 25, 1986.
Charles L. Bull, Jr., Welsh, for plaintiffsappellants.
Onebane and Associates, Robert M. Mahony, Lafayette, for defendants-appellees.
Before KLIEBERT, GRISBAUM and WICKER, JJ. Pro Tem.
THOMAS C. WICKER, Jr., Judge Pro Tem.
This appeal arises from a wrongful death action filed on behalf of plaintiff-appellant, Cheryl Guidry, individually and as tutrix of her minor children, Dwight Lee Breaux, Jr. and Damien Deshone Guidry, against several defendants for the death of her alleged husband, Dwight Lee Breaux, Sr., which occurred on or about March 16, 1983. On December 11, 1984 the trial judge granted a motion for summary judgment and sustained an exception of no right of action in favor of defendant-appellee, the City of Jennings, dismissing with full prejudice the suit brought by Ms. Guidry individually.
On October 30, 1985 Ms. Guidry and the City of Jennings executed a "Limited Judgment of Dismissal" in which Ms. Guidry individually and on behalf of her minor children, Dwight Lee Breaux, Jr. and Damien Deshone Guidry dismissed with prejudice the suit against the City of Jennings, reserving all rights she may have against defendant, George McZeal. Ms. Guidry appeals the trial court's judgment of December 11, 1984 dismissing her claim for damages. She contends that the trial judge erred in failing to recognize her alleged Texas common law marriage to the decedent, Dwight Lee Breaux, Sr. We affirm.
*781 Plaintiff-appellant asserts the following specifications of error:
1. As a matter of law, mover was not entitled to summary judgment since there was an issue of material fact as to whether or not Cheryl Guidry had obtained common law status, and
2. The trial court failed to recognize the common law status of petitioner and her deceased husband which was obtained in another state.
The exception of no right of action serves the purpose of determining whether or not the plaintiff, Ms. Guidry, has a legal interest in instituting her suit for the wrongful death of her alleged husband. See, e.g. Amoco Production Company v. Columbia Gas Transmission Corp., 455 So.2d 1260 (La.App. 4th Cir.1984), writ denied 459 So.2d 542, 543 (1984); Morton v. Washington National Insurance Co., 420 So.2d 1019 (La.App. 5th Cir.1982), and Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3rd Cir.1967). In considering whether or not the exception has merit the trial judge may receive evidence to show whether Ms. Guidry possesses a right to her claim for damages. Teachers' Retirement System of Louisiana v. Louisiana State Employees' Retirement System, 456 So.2d 594 (La. 1984) when the grounds do not appear in the petition. Morris v. Rental Tools, Inc., 435 So.2d 528 (La.App. 5th Cir.1983). The evidence consisted primarily of Ms. Guidry's deposition, the court proceedings relative to Mr. Breaux's divorce on December 18, 1981 and Ms. Guidry's affidavit in which she avers that she is Mr. Breaux's common law spouse.
Ms. Guidry's major contention is that the trial judge erred by failing to recognize her alleged Texas common law marriage to Mr. Breaux. She claims that she and Mr. Breaux entered into a common law marriage in 1976. Ms. Guidry testified that she has never been formally married. She further stated that on July 17, 1976 she and Mr. Breaux began living together in Welsh, Louisiana. From August, 1976 until April, 1977 the couple lived in Houston, Texas and then returned to live in Welsh, Louisiana. She asserts that while she and Mr. Breaux resided in Houston that they established a common law marriage. Ms. Guidry does not dispute the fact that when Mr. Breaux began living with her he was still married to Mary Austin Breaux. He was married to Mrs. Breaux from May 3, 1975 to December 18, 1981.
Ms. Guidry argues that the trial judge solely applied the law of Louisiana regarding the forms of marriages which are allowed and that he failed to give full faith and credit to her validly contracted marriage in another state. U.S. CONST. art. IV, Sec. 1. Ms. Guidry has cited our holding in Parish v. Minvielle, 217 So.2d 684 (La.App. 3rd Cir.1969) for the proposition that Louisiana is obligated to recognize a common law marriage which is legally contracted in another state. We do not dispute our previous holding. We do note, however, that in Minvielle, we also considered the requirements under Texas law for establishing a common law marriage. We found that one of these requirements was that, "... There must be no legal impediment to the marriage of such persons to each other ..." Id. at 688.
In Minvielle, supra, we cited the leading Texas case of Grigsby v. Rieb, 105 Tex. 597, 153 S.W. 1124, L.R.A. 1915E, 1, (1913) as recognizing the validity of a common law marriage. Texas has continued to grant legal status to a common law relationship. Ex Parte Threet, 160 Tex. 482, 333 S.W.2d 361 (1960). However, a fundamental requirement to obtaining a legal common law marriage in Texas is that there be no legal impediment such as a previously undissolved legal marriage. Franklin v. Smalldridge, 616 S.W.2d 655 (Tex.Civ.App.1981).
The trial judge viewed the uncontroverted evidence that Mr. Breaux was legally married to another when he and Ms. Guidry purportedly began a common law relationship in Texas. We find no error in the trial judge's ruling that Ms. Guidry has no right of action as a common law spouse. Ms. Guidry could not have acquired a marital *782 status in Texas since there was an impediment to her entering into a marital state with Mr. Breaux.
Related to the argument previously discussed is Ms. Guidry's claim that the City of Jennings is not entitled to summary judgment. She asserts that there is an issue of material fact as to whether she has obtained common law status. Since we find that the trial judge was correct in his ruling that she has no right of action as a common law spouse, we pretermit discussion on this issue.
Accordingly, for the reasons set forth the judgment dismissing appellant's claims is hereby affirmed. Appellant is to pay costs.
AFFIRMED.