715 So.2d 449 (1998)
Michael S. NETECKE, Plaintiff-Appellant,
v.
STATE of Louisiana, Through DOTD, et al., DefendantAppellee.
No. 97-1516.
Court of Appeal of Louisiana, Third Circuit.
April 1, 1998.
*450 Edward O. Taulbee, IV, Lafayette, for Traci Allen Netecke, et al.
Richard Phillip Ieyoub, Baton Rouge, David Kelly Balfour, Timothy Alan Maragos, Lafayette, for State, Through DOTD, et al.
Debra Keigh Basile, Baton Rouge, for Michael S. Netecke.
Michael J. Juneau, Lafayette, Mia C. Zebouni.
Before SAUNDERS, SULLIVAN and GREMILLION, JJ.
SULLIVAN, Judge.
Plaintiff, Michael Netecke, appeals the trial court judgment dismissing his loss of consortium claim pursuant to a no right of action exception filed by defendant, Mia Zebouni. The trial court determined that Michael failed to prove that he and Traci Allen Netecke had a valid common-law marriage under the laws of the State of Texas. For a complete explanation of the facts leading to Michael's assertion of his loss of consortium claim, see the companion opinion, Netecke v. State, through DOTD, 97-974 (La.App. 3 Cir. 4/1/98); 715 So.2d 439.
Michael and Traci were residents of Texas at the time of her accident. Michael maintains the trial court erred in failing to apply Louisiana's Civil Code articles on conflict of laws, placing the burden of proof on him, and finding insufficient proof of a valid common-law marriage. For the following reasons, we affirm.
This is not a question of which state's law applies. The law of the domicile of the alleged married couple is to be applied to determine whether the marriage is valid. Louisiana does not recognize common-law marriages. However, "such marriages validly entered into under the laws of another state are given effect in this state under the full faith and credit clause of the United States Constitution." Succession of Rodgers, 499 So.2d 492, 495 (La.App. 2 Cir.1986).
There appears no dispute that the plaintiffs are Texas domiciliaries. Texas recognizes common-law marriages. Prior to its repeal in 1997, Texas Family Code § 1.91, captioned "Proof of Certain Informal Marriages," provided:
(a) In any judicial, administrative, or other proceeding, the marriage of a man and woman may be proved by evidence that:
(1) a declaration of their marriage has been executed under Section 1.92 of this code; or
(2) they agreed to be married, and after the agreement they lived together in this state as husband and wife and there represented to others that they were married.

(b) A proceeding in which a marriage is to be proved under this section must be commenced not later than one year after the date on which the relationship ended or not later than one year after September 1, 1989, whichever is later.
(Emphasis added.)
Under § 1.91(a)(2), the party asserting a common-law marriage must prove (1) an express or implied agreement between the parties to be husband and wife, (2) cohabitation in accordance with the agreement, and (3) the parties held themselves out to be husband and wife. Faglie v. Williams, 569 S.W.2d 557 (Tex.Civ.App.Austin, 1978). The existence of the agreement is a question of fact. Id. To establish any valid marriage, the parties must be legally capable of marrying *451 and there must be no legal impediment prohibiting the marriage agreement. A primary example of a legal impediment is a prior undissolved marriage. Franklin v. Smalldridge, 616 S.W.2d 655 (Tex.Civ.App. Corpus Christi, 1981). See also Succession of Rodgers, 499 So.2d 492; Guidry v. McZeal, 487 So.2d 780 (La.App. 3 Cir.1986); Howard v. Howard, 459 S.W.2d 901 (Tex.Civ.App.Houston, 1970).
In his deposition, Michael admitted that he had been married pursuant to a ceremony once before in 1978 to Kathy Doss. He said they separated after six months and were divorced sometime around February 1979. He said that he and Ms. Doss talked about a divorce, she sent him divorce papers, and he signed and returned the papers to her. Michael did not say what Ms. Doss did with the papers.
Ms. Zebouni raised Michael's prior marriage as an impediment to a valid common-law marriage. We agree with the trial court's decision that Michael failed to prove that his prior marriage was legally dissolved. Therefore, an impediment to his common-law marriage existed, and he failed to carry his burden of proof under § 1.91 of the Texas Family Code.
To prevail on the exception of no right of action, defendant must show that the plaintiff has no interest in the suit's subject matter or no legal capacity to proceed with the suit. Alco Collections, Inc. v. Poirier, 95-2582 (La.App. 1 Cir. 9/27/96); 680 So.2d 735, writ denied, 96-2628 (La.12/13/96); 692 So.2d 1067. To have a right of action for loss of consortium, a claimant must fit into one of the "categories of persons who would have had a cause of action for wrongful death of an injured person." La.Civ.Code art. 2315. The only category Michael could qualify for would be "surviving spouse." La.Civ.Code art. 2315.2. Because he failed to prove the validity of the common-law marriage, he has no right of action for loss of consortium.
For these reasons, the trial court's judgment dismissing Michael Netecke's loss of consortium claim is affirmed. Costs of this appeal are to be paid by Michael Netecke.
AFFIRMED.