Dear Ms. Singletary:
We restate herein your questions as presented in your letter to this office.
 (1) Is a Louisiana marriage license valid if used in another State?
 (2) If a Louisiana marriage license can only be used in Louisiana, who is responsible for notifying the couple when it is discovered it has been used in another state, the Clerk of Court or the State Office of Vital Records?
 (3) What statute states a Louisiana license can only be used in the State of Louisiana?
 (4) Who informs the Louisiana officiants that a Louisiana license can only be used in the State of Louisiana?
In response to your first question, note that our answer is unfortunately, unsatisfactory, to-wit: we would have to review the laws of the jurisdiction where the marriage is performed in order to determine whether that particular state accepts foreign licenses when the officiant of that foreign state presides over a marriage ceremony. Here, in Louisiana, R.S. 9:205 dictates that "an officiant may not perform a marriage ceremony until he has received a license authorizing him to perform that marriage ceremony." The license must contain information required by statute; (see R.S. 9:224); the application for a marriage license must be made on a form provided by the Louisiana registrar of vital records; (see R.S. 9:223); and the license must be issued from exclusive sources as set forth in R.S. 9:221. We also note a rather old but no less valid Attorney General Opinion issued by this office concluding that a Louisiana justice of the peace cannot celebrate a marriage in Louisiana based on a Texas marriage license. See Attorney General Opinion 1944-6, p. 316, copy attached.
We are of the opinion that a foreign officiant would take the same position, and likewise refuse to perform the marriage ceremony with a Louisiana marriage license. The marriage license must comport with the law of the state where the marriage is celebrated in order to be validly contracted there; the issue is of import because Louisiana is required to give full faith and credit to a marriage validly contracted in another state. See Wyble vs.Minvielle, 217 So.2d 684 (La.App. 3rd Cir. 1969) (evidence supported finding that valid common-law marriage had been contracted in state of Texas between plaintiff and motorist killed in automobile collision, so that plaintiff, as surviving widow, was authorized to bring wrongful death action in Louisiana); but also see Guidry vs. McZeal, 487 So.2d 780 (La.App. 3rd Cir. 1986), (where alleged wife failed to establish her common-law marriage to decedent in Texas and, hence, failed to establish a legal interest in instituting suit in Louisiana for alleged wrongful death of her alleged husband where wife was unable to controvert fact that there was a legal impediment to a common-law marriage in Texas because her alleged husband was legally married to another when he allegedly entered into a common-law relationship with alleged wife in Texas).
Thus, our response to your first question is a Louisiana marriage license is only valid for use in a Louisiana marriage ceremony.
In response to your second question, the legislature imposes no duty on either public agency mentioned to notify the parties that their marriage fails to comport with the laws of the state where they held the marriage ceremony, thus jeopardizing its status as a valid marriage here in the state of Louisiana.
In response to your third question, the general answer is rights and privileges, obligations and responsibilities are governed by the sovereign law of the individual states. As a general rule, state law as enacted by a particular state legislature is applicable only to the citizenry of that state and to events occurring there which require the sanction of the state in order to be legally valid, such as a marriage ceremony.
In response to question four, the legislature has not imposed a duty upon any particular agency to compel the officiant to read the law which is applicable to him regarding his official responsibilities. He may become informed of the territorial limits of his jurisdiction by reading the provisions of R.S.9:203.
Should you have additional inquiries in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
KLK:ams
January 11, 1946.
Mr. W. R. Johnson, Justice of the Peace, P.O. Box 265, Pleasant Hill, Louisiana.