# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-1192

**RENELL FRITSCHE ET AL.**

**VERSUS**

**VERMILION PARISH HOSPITAL
SERVICE DISTRICT #2 ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 80492
HONORABLE EDWARD RUBIN, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**J. DAVID PAINTER
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and J. David Painter, Judges.

**REVERSED AND RENDERED**.

**Mel Credeur**
**P.O. Box 51867**
**Lafayette, LA 70505-1867**
**COUNSEL FOR PLAINTIFFS-APPELLANTS:**
      **Renell Fritsche et al.**

**Marc W. Judice**
**926 Coolidge Blvd., P.O. Box 51769**
**Lafayette, LA 70505-1769**
**COUNSEL FOR DEFENDANT-APPELLEE:**
      **Dr. Akshey K. Gupta**

**William E. Scott III**
**P.O. Drawer 2995**
**Baton Rouge, LA 70821-2995**
**COUNSEL FOR DEFENDANT-APPELLANT:**
**Vermilion Parish Hospital Service District #2**

**James R. Shelton**
**220 Heymann Blvd., P.O. Box 51308**
**Lafayette, LA 70505**
**COUNSEL FOR DEFENDANT-APPELLEE:**
**Dr. John Thibodeaux**

**PAINTER, Judge.**

Renell Fritsche, the common law wife of the decedent, and Paul and Leila Holt, parents of the decedent, filed a petition for damages against Vermilion Parish Hospital Service District No.2 d/b/a Abbeville General Hospital, Dr. Akshey Kumar Gupta, and Dr. John Thibodeaux, alleging wrongful death and survival damages with respect to the death of Larry Holt at Abbeville General Hospital on November 8, 2002. All Defendants filed various exceptions including lack of procedural capacity, no right of action, and no cause of action. After a hearing on the exceptions, a judgment was signed granting all Defendants' exceptions with respect to the claims of Renell Fritsche and dismissing her claims with full prejudice. This judgment was certified as a final judgment pursuant to La.Code Civ.P. art. 1915(B)(1). All Plaintiffs appealed. For the following reasons, we reverse.

**Facts**

The decedent, Larry Holt, was transported to Abbeville General Hospital by ambulance on October 31, 2000 complaining of vomiting blood and tarry stools. He was seen in the emergency room and admitted to the hospital. Mr. Holt was under the care of Dr. John Thibodeaux and Dr. Akshey Kumar Gupta. Mr. Holt remained hospitalized until his death on November 8, 2002.

Renell Fritsche contends that she and the decedent contracted a valid common-law marriage by living together as husband and wife on a continuous basis beginning twenty-five years prior to his death in Texas[1] until they moved to Louisiana where they lived as husband and wife for eight years prior to his death.

---

[1] Renell Fritsche and Larry Holt lived together in Texas as husband and wife for seventeen years before moving to Louisiana.

**Discussion**

Pursuant to La.Civ.Code arts. 2315.1 and 2315.2, the right of action for survival damages and/or wrongful death vests with the parents of the decedent only if there is neither a surviving spouse nor surviving children. In this case, the alleged surviving spouse and the surviving parents have joined as parties plaintiffs but only one class (i.e., either the surviving spouse or the surviving parents) has the right of action to bring this suit.

On appeal, plaintiffs urge that the trial court erred in failing to give full faith and credit to the common-law marriage that was validly contracted in Texas between Larry Holt and Renell Fritsche, and failing to recognize the right of Renell Fritsche to assert her claims as the valid common-law spouse of Larry Holt.

Defendants, Dr. Thibodeaux and Dr. Gupta, urged that: (1) Louisiana does not recognize common-law marriages confected in other states when the couple resides and is domiciled in Louisiana; and alternatively, (2) no common-law marriage ever existed. Defendant, Abbeville General Hospital, did not take a position as to whether this alleged common-law marriage should be recognized under Louisiana law but, rather, averred that, regardless of whether the common-law marriage is recognized pursuant to Louisiana law, one of the class of plaintiffs named in the Petition must be dismissed from the suit.

The party raising the peremptory exception bears the burden of proof and in order to prevail, the mover must show that the plaintiff does not have an interest or has no legal capacity to proceed. *Jackson v. Slidell Nissan*, 96-1017 (La. App. 1 Cir. 05/09/97), 693 So.2d 1257; La.Code Civ.P. art. 927. Evidence can be introduced.

When considering an exception of no right of action, the Court of Appeal must determine whether the plaintiff belongs to a particular class for which the law grants a remedy for a particular grievance. *Duplessis Cadillac, Inc. v. Creative Credit Services, Inc.*, 597 So.2d 1155 (La.App. 1 Cir. 1992). The court of appeal reviews exceptions of no right of action de novo. *Mississippi Land Co. v. S&A Properties II, Inc.*, 01-1623 (La.App. 3 Cir. 05/08/02), 817 So.2d 1200.

While Defendants assert that Louisiana does not recognize common-law marriages confected in other states, this is a misstatement of the law. In *Parish v. Minvielle*, 217 So.2d 684 (La.App. 3 Cir. 1969), this Court gave full faith and credit to a common-law marriage that was validly confected in Texas for the purposes of the decedent's common-law spouse bringing a wrongful death and survival action in Louisiana. In that case, we stated:

> It is true that Louisiana does not recognize or permit the contracting of common-law marriages in this state . . . but we are obliged to give effect to such marriages when they are validly contracted in another state. This is commanded by the full faith and credit clause of the United States Constitution, Art. 4, Section 1.

*Id*. at 688.

In *Chivers v. Couch Motor Lines, Inc.*, 159 So.2d 544 (La.App. 3 Cir. 1964), the decedent and his common-law wife were residents of Florida and this Court allowed her to maintain the action for wrongful death in Louisiana (where the decedent was killed) since the marriage was valid under Florida law. In *State v. Williams*, 96-652 (La.App. 3 Cir. 02/05/97), 688 So.2d 1277, the Court did not allow the defendant (who was a Texas resident) to assert the marriage privilege since the alleged common-law marriage was not valid under Texas law. In *Strawder v. Zapata Haynie Corp.*, 94-453 (La.App. 3 Cir. 11/02/94), 649 So.2d 554, the alleged common-law wife of the decedent (both of whom were Texas residents) was not allowed to

maintain the wrongful death action based on the court's finding that there was not enough evidence to support a finding of common-law marriage valid under Texas law.

Defendants fail to address the fact that in *Williams* and *Strawder*, the decisions not to recognize the common-law marriages were based on the findings that there were no valid common-law marriages confected in the states that allowed them.

Furthermore, defendants have introduced no evidence to suggest that the alleged common-law marriage was not validly confected in Texas. Thus, they have not met their burden of proof on the exception. *See State on behalf of Jones v. Mallet*, 97-611 (La.App. 3 Cir. 12/17/97) 704 So.2d 958.

In *Netecke v. State Through DOTD*, 97-1516 (La.App. 3 Cir. 04/01/98), 715 So.2d 449, the mover raised the plaintiff's prior marriage as an impediment to a valid common-law marriage. This court agreed with the trial court's decision that the plaintiff failed to prove that his prior marriage was legally dissolved and that he failed to carry his burden of proof. In *Netecke*, the defense raised the impediment of a prior marriage and the burden shifted to the plaintiff. In the case *sub judice*, however, the defense merely said that Louisiana does not recognize common-law marriages or that no common-law marriage was established. They did not raise any impediment; therefore, the burden of proof did not fall on plaintiff to establish that no impediment existed.

In *Guidry v. McZeal*, 487 So.2d 780 (La.App. 3 Cir. 1986), this Court expressly stated that it does not dispute its prior holding in the *Parish* case. In *Guidry*, this Court affirmed the trial court's grant of the defendant's motion for summary and exception of no right of action. The plaintiff urged that there were genuine issues of material fact concerning whether she had attained a common-law marriage. The impediment was that her alleged common-law husband was married to another woman

when he began living with the plaintiff in Texas. The plaintiff could not dispute this fact and therefore could not dispute the alleged invalidity of her common-law marriage. The plaintiff and the decedent lived in Louisiana at the time of the accident. This court recognized that if the marriage was valid in Texas, then the Louisiana Courts would have to give it full faith and credit. The difference between *Guidry* and the case *sub judice* is that the defendants in *Guidry* had proven the invalidity of the alleged common-law marriage. Here, the defendants have not even raised any specific impediment but merely make the conclusory statement that the marriage was invalid.

The record contains three affidavits attesting that Ms. Fritsche and the decedent lived together for 25 years and held themselves out to be husband and wife. See *Parish v. Minvielle, supra* citing *Grigsby v. Reib*, 105 Tex. 597, 153 S.W. 1124, L.R.A. 1915E, 1, (1913)[2]. One affidavit was made by Ms. Fritsche's son from a prior marriage who alleges that his father died in 1977 such that there was no impediment to the marriage. Accordingly, we find that Ms. Fritsche and Larry Holt confected a valid common-law marriage in Texas and that we must give it full faith and credit. Ms. Fritsche, rather than the parents of the decedent, has the right of action to bring this suit.

**Decree**

Accordingly, the judgment of the trial court is reversed and set aside and the exceptions of no cause and no right of action and lack of procedural capacity are

---

[2]A Texas attorney testified as an expert in the *Parish* case that the Texas courts had established three requirements for a valid common-law marriage: (1) there must be no legal impediment to the marriage of such persons to each other; (2) they must agree then and there to become husband and wife, which may be implied; and (3) they must hold themselves out publicly as husband and wife.

denied as to the claims of Renell Fritsche. The claims of Paul and Leila Holt, the parents of the decedent, are hereby dismissed as Renell Fritsche is the proper party plaintiff under La.Civ.Code art. 2315.1(1). Costs of this appeal are assessed equally among the defendants.

**REVERSED AND RENDERED.**